## WHATLEY and GRAGG v. JOHNSON.

In an action against two obligors, one of them is not a competent wit-
ness to prove that the other executed the instrument.

JOHNSON brought an action of debt in the County Court
of Shelby county, against Whatley and Gragg, on a note.
The declaration contained two counts, the first charging
the defendants as on a writing obligatory, and the second
as on a promissory note. Gragg pleaded separately to
the first count, *non est factum*, and to the second, a plea
in the same nature, denying the execution of the instru-
ment. Whatley pleaded *nil debet*. On the trial, as is
shewn by a bill of exceptions, the plaintiff offered What-
ley as a witness to prove the execution of the instrument
by Gragg. Gragg by his counsel, objected to the com-
petency of Whatley to testify, on account of his interest,
but the objection was overruled, and Whatley was sworn
and gave evidence. The plaintiff then offered to prove
by the deputy sheriff, the admissions of Gragg when the
writ was served on him in relation to the execution of the
note. The defendant's counsel objected to this evidence,
because the note was not presented at the time; but it
appeared a copy of it was on the back of the writ. The
evidence was admitted. It further appeared, that the evi-
dence was gone through without the note being read to
the jury; and when the argument was about to commence,
the counsel of Gragg requested the Court to instruct the
jury as for a nonsuit on that account; but the Court then
suffered the note to be read to the jury, and refused the
motion; to all which the defendant objected. There was
a verdict against both defendants.

The defendants below, here assign for error the several
matters stated in the bill of exceptions.

PECK, for the plaintiffs in error.

MARDIS, for the defendant.

## By JUDGE WHITE.

IT appears by the bill of exceptions that the plaintiff
proposed to introduce Whatley, the other defendant, to

prove the execution of the instrument by Gragg. This was objected to, but the objection was overruled by the Court. Whatley was sworn as a witness, and it is now among other things assigned as error, that in this opinion the Court below erred. It is manifest that Whatley was directly interested in fixing the liability of Gragg, because in so doing he would lighten a burden likely to fall, and which in the event of Gragg's being exonerated, would fall entirely upon himself. He therefore was an incompetent witness. It is true, that a plaintiff may consent that a defendant be sworn, and if the latter does not object, it can be done; but this is on the principle that the plaintiff has a right to waive the privilege of excluding the defendant's oath, of introducing him at his own hazard, and apparently against his own interest, though not as we conceive to promote his interest, and to the prejudice of the rights of the other defendant. For this error the judgement must be reversed, and the cause remanded. The other assignments of error cannot be sustained.