## JAMES PIKE *vs.* ASAHEL BLAKE.

In an action of book account, sued before a justice of the peace, the want of service on a joint contractor must be pleaded at the first term, and if not so pleaded is waived.

The deposition of a party to an action on book, cannot be used as evidence before the auditor. Nor can that of an interested witness be so used.

A joint contractor, not a party to the suit, is interested to defeat the suit, and not a competent witness for defendant.

The caption of a deposition, taken to be used before an auditor, should state the time and place of trial.

A justice of peace in the state of New York, has authority to take depositions to be used out of that state.

This was an action of book account, sued before a justice of the peace. The writ issued against this defendant and another, and no service is made, nor any excuse for want of service upon the other defendant. This defendant entered a general appearance before the justice and went to trial on the general issue. The case came by appeal into the county court and this defendant then pleaded in abatement the want of service on the other defendant. The plea was overruled, and judgment to account being rendered the case went to an auditor. On the trial before the auditor the defendant offered the deposition of the other defendant, which was objected to and rejected. The other questions in the case will appear by the opinion of the court, delivered by

REDFIELD, J.—The first question in this case arises on the plea in abatement. This plea is bad. It is out of time, being first

WASHINGTON,
March,
1836.

Pike
vs.
Blake.

pleaded after one trial, upon the general issue. And being a defect, which might be cured by amendment, it is most clearly waived by not being pleaded at the first term. If it had been pleaded in time the officer might have been permitted to endorse his return of *non est inventus*, or the plaintiff might have amended by suggesting that the other defendant resided without the state, which by the other parts of the case proves to have been the fact.

The next question in the case arises on the deposition of the absent defendant, which was offered by the other defendant. The deponent was a party to the writ, but not being served with process could not be considered a party to the suit. And if he were a party to the trial most clearly his testimony could only be received *before the auditor*. The statute has not made his testimony competent, except in answer to interrogatories put before the auditor.

The party is not made a general witness in the case, for if this were so he might testify on the trial of an issue joined to the jury, the contrary of which is well settled. A particular form of oath is to be administered, and by the auditor, or in his presence. But the deponent, altho' not a party to the suit, is interested to defeat the action, and is of course, not a competent witness for the defendant. For altho' the parties are admitted witnesses, as has been shown, yet the statute does not in other respects vary the testimony to be admitted before the auditor, from what it was at common law. Interested witnesses cannot be admitted of course. And it is well settled that a dormant partner or a joint contractor, not made a party to the suit, although a competent witness for the plaintiff is not competent for the defendant, being interested to defeat the recovery, and thus save his liability to contribute for payment of costs as well as debt.

The caption is also defective in not stating *when* and *where* the cause is to be tried before the auditor. It should be as definite in this respect as if taken so be used before a justice of peace. It being taken by a justice of peace in the state of New York, is well enough. The legislature of that state have seen fit to give this power to justices of the peace in reference to depositions, to be used out of that state.

The question of the joint liability of both defendants is found almost in express terms by the auditor. The result is, that the judgment of the county court is affirmed.

*J. L. Buck for defendant.*