### ADAMS *VS.* MOORE.

1. On a plea of *non est factum* by a defendant, sued as the endorser of a promissory note, other proof is required to charge defendant, than his admission of the *factum* of his signature as joint maker.

2. The maker of a note is a good witness, in an action by the endorsee against an endorser, to shew that defendant is not liable.

Error to Mobile County court.

Assumpsit, against an endorser.

It appeared from the bill of exceptions, that when this suit came on for trial, the writ and declaration could not be found.   Their absence was waived by the defendant, who admitted himself properly in court, and that the declaration was in the usual form, charging him as the endorser of a promissory note.   The pleas of the defendant are found in the record, but only one is important to be considered in connection with the decision of the County court.   There is a denial of the making or signing any endorsement of the note mentioned in the declaration. It is verified by a special affidavit, and issue is joined to the country.   To prove the issue, the plaintiff introduced a note, in which the name of the defendant is written only on the face, and under the names of Wheeler & McCormack.   This note is thus set forth in the bill of exceptions :

"$116.           Mobile, May 6th, 1835.

"Four months after date, we promise to pay J. F. Ad-

Adams *vs.* Moore.

ams, or order, one hundred and sixteen dollars, for value received, negotiable and payable at the office of discount and deposit Bank of the United States.

"WHEELER & M'CORMACK,

" J. F. ADAMS."

The only name on its back was that of Wm. Moore. It was duly presented, and due notice of non-payment given to the defendant. The County court permitted this note to go to the jury, as evidence of the defendant's endorsement, without any further proof. The defendant then offered to read in evidence, the deposition of James Wheeler, whereby he proposed to prove that the note was not made by the said defendant, nor by any person authorised by him : that the signature, Wheeler & M'Cormack, affixed to the note, was made by one Levi C. M'Cormack, without the knowledge or consent of said Wheeler, *and was given to pay said M'Cormack's debt to the plaintiff:* that the said Wheeler never had any other connection with the said M'Cormack, than in the building of a house, upon a covenant in which they were jointly bound, and which did not extend to any thing else : that the building of the said house did not require the making of promissory notes : that he, the said Wheeler, had never authorised the said M'Cormack to affix his name in any manner whatever to promissory notes, or any thing else : that the defendant, at that time, had signed a few promissory notes of the said Wheeler, as his security, but had never, to his knowledge, incurred any responsibility for the said M'Cormack, and that both the signing the deponent's name, and the procuring the defendant's signature, was a gross fraud of the said M'Cor-

mack.  This deposition, the County court refused to permit to be read, for the reason, that Wheeler was a party to the note, and could not be allowed to impeach it.

The defendant excepted to these decisions, and now seeks to review them by writ of error.

*Aikin*, for plaintiff in error.

GOLDTHWAITE, J.—It may be admitted, that the plaintiff in error could be charged as the endorser of this note, admitting it to have been made by Wheeler & M'Cormack, payable to him, by writing his name on the face of it, immediately under the signature of their names; but such is certainly not the *prima facie* intendment of the note, in the condition it was when offered in evidence. As it then appeared, it was the joint note of Wheeler & M'Cormack, and Adams, payable to Adams, or his order, and could only receive existence as a *legal* obligation, from the endorsement or assignment of the latter. If the plaintiff below intended to charge Adams as an endorser, it was incumbent for him to show that the signature purporting to be his, was made after the signature of the note by Wheeler & M'Cormack, and with the intention of transferring the legal interest to another. If these facts had been shown in evidence, we cannot say that Adams might not be chargable as endorser, though it would at this time be manifestly improper to pre-judge the case, even on such a state of proof. On the issue to the plea of *non est factum*, it was manifestly improper to admit the note, as evidence of Adams' endorsement, without further proof.

Adams *vs.* Moore.

We presume the County court must have considered the affidavit of Adams, appended to the pleas, as in evidence before the jury, in which affidavit the *factum* of the signature is admitted; but even if such had been the case, no legal inference could arise from any fact stated by him, that he was liable at law as an endorser.

The County court also erred in rejecting the deposition of Wheeler. It is true, a great portion of the evidence contained in this deposition, was of a character wholly irrelevant to the question at issue, but it contains the statement, that this note was given by M'Cormack to Moore, to pay a debt due from the former to the latter. This was evidence applicable to the issue formed, and showed that the note came into Moore's hands, not from Adams, but from M'Cormack. The mere fact, that a witness is a party to a negotiable paper, does not disqualify him. Such is the established law in this State —(Griffin vs. Harris, January Term, 1839.)

The declaration, if in the form admitted by the agreement of the defendant, must charge Wheeler & M'Cormack as the *makers* of the note, and the testimony of Wheeler could be used by the endorser, to show he was *not liable as such,* without coming within the influence of Ross vs. Wells, (1 Stew. 139,) in which this court held, that one maker of a note is not a competent witness to invalidate it.