## THOMPSON v. ARMSTRONG, use, &c.

1. A joint and several maker of a promissory note, who is not a party to the case, on trial, against another maker, is a competent witness.
2. The mere fact of his being a party to the note, independently of other testimony, goes to his credit—not to his competency.
3. A note made to be discounted in a Bank, though not discounted, but afterwards put in circulation, may be binding on the parties.
4. A court is not bound to charge a jury, unless there be evidence to which the charge may have relation, or on which it may be founded.
5. A promissory note, *prima facie*, carries on its face, evidence of a consideration.

ERROR to the Circuit Court of Butler.

This was an action of assumpsit, founded on a promissory note of the following tenor :

1000 Dolls.—Twelve months after date, we, Benjamin Fuller, James K. Thompson and George H. Patillo, jointly and seve-rally promise to pay Andrew Armstrong, Esq. cashier, or bearer, one thousand dollars, for value received, negotiable and payable at the Branch of the Bank of the State of Alabama, at Mobile.

Credit—*Benjamin Fuller,*    } Signed.  BENJAMIN FULLER,
    *James K. Thompson,*   }        JAMES K. THOMPSON,
    *George H. Patillo.*    }        GEORGE H. PATILLO.

The suit was discontinued as to Fuller and Patillo, on whom the writ was not served, and the declaration filed against Armstrong only.   The pleas were *non est factum*, and the general issue.

It appears, by a bill of exceptions, that, on the trial, the plain-tiff, after proving, *prima facie,* the defendant's signature, introduc-ed to the jury the note just described ; and introduced no other proof whatever.

The defendant introduced evidence tending to shew, that said note had never been discounted at the Branch of the Bank of the State of Alabama at Mobile, and that the said Branch Bank had no interest in said note, and never had ; and no claim to it, and had not authorized this suit.   The defendant also proved that Armstrong was cashier of said Branch Bank, during the year 1837, and that said note was in the form of notes usually made for discount in said Branch Bank.   There was no proof shewing how Sutlif got possession of said note.   Upon this evidence, the defendant requested the court to charge the jury, that, if they believed said note was made for discount in said Bank, and was not discounted, that the plaintiff in this action could not recover for the use of Sutlif, unless said Armstrong or Sutlif had proved to their satisfaction, that said Armstrong or said Sutlif was a cre-ditor of some of the makers of said note, or was otherwise a *bona fide* holder of said note for a valuable consideration—the court refused to give this charge, and the defendant excepted to the re-fusal.

And the court charged the jury, that the face of the note was *prima facie* evidence that the defendant owed the sum of money therein specified, and that unless the defendant had proved a fraud, in the circulation of said note, and also satisfied them, that Sutlif was connected in the fraud, they must find for the plaintiff—to which charge, exception was also taken.

The defendant also requested the court to charge the jury that

Thompson v. Armstrong, use, &c.

if they believed from the proof, that said note was obtained fraudulently from the defendant, or was put fraudulently in circulation against him, that Sutlif could not recover in this action, without showing by testimony, that he was a *bona fide* holder for a valuable consideration—which charge the court refused to give.

The defendant offered to prove by one of the makers of the note, George H. Patillo, that *no consideration* had passed to any of the makers of said note from Armstrong—that it was *without consideration*—and that the signature of said defendant was not genuine. The plaintiff, by attorney, objected to the introduction of said witness, on the ground, that he was a co-maker of said note; the court sustained the objection, and the defendant excepted.

It is now assigned for error,

1. That the court erred in excluding the evidence of Patillo, for the purpose, and in the mode shown by the bill of exceptions.

2. The court erred in refusing to give the charge, first requested, as shewn by the bill of exceptions.

3. The court erred in refusing to give the second charge requested.

4. The court erred in the charge given.

N. Cook, for the plaintiff in error.
Boling, *contra.*

CLAY, J.—The first assignment of error, brings into view the competency of George H. Patillo, one of the makers of the note sued on, to give evidence impeaching its consideration, and the genuineness of the defendant's signature. The same question, in a qualified form, came up in the case of Ross & wife v. Wells. [1 Stewart's Rep. 139.] That was an action on a promissory note, given by Mrs. Ross, while sole, and Wm. J. McCarroll, payable to Wells; the writ issued against Ross & wife, and McCarroll, jointly, but was not executed on McCarroll, and discontinued as to him. The defence relied on was *non assumpsit*, failure of consideration, and fraud. On the trial, the defendants below offered McCarroll as a witness to prove, that the consideration of the note was certain negroes sold to Mrs. Ross, warranted sound, but that one of them was unsound and of no value. The circuit court held the witness incompetent; excep-

tion was taken, and it was afterwards assigned for error in this court. But the judgment was affirmed—the court deciding that the circuit court was right in excluding the witness—and generally, " that one maker of a note cannot be introduced by another, to invalidate the instrument."

In a subsequent case, [Whatley and Gragg v. Johnson, 1 Stewart, 498,] the same question arose. The plaintiff offered Whatley as a witness to prove the execution of the instrument, sued on, by Gragg. Though objected to by the defendant, the court admitted the witness, and this opinion was assigned for error. The court held the witness incompetent; that the court below erred in admitting him; and on that ground reversed the judgment.

Both those cases, however, showed that the witness was interested in the event of the suit, in which he was called to testify. In the first case, McCarroll, the witness might have been held liable to contribute his portion of the amount recovered on the contract, which was joint, or his evidence might have lessened that amount. In the latter, the court expressly placed it on the ground of Whatley's interest, which indeed, is fully apparent from the facts of the case, as stated. In later cases, the doctrine has frequently been laid down, that " the mere fact, that the witness is a party to a negotiable paper, does not disqualify him. Such is the established law in this State." [Adams v. Moore, 9 Porter, 406; Griffin v. Harris, Id. 225; Davidson v. Love, 1 Ala. Rep. N. S. 133.]

In this case, the witness, Patillo, although appearing on the face of the note, as a maker, was not, when offered, a party to the suit; nor directly interested in its event. The objection went to his credit, not to his competency, and he should have been admitted. Therefore, in this opinion of the court, there is error.

2. The second assignment alleges that the court erred in refusing to give the instructions first asked by defendant's counsel—that if the jury believed said note was made for discount in said Bank, but was not discounted, the plaintiff could not recover, unless said Armstrong, or Sutlif had proved, that one or the other of them was a creditor of some of the makers of the note, or otherwise a *bona fide* holder of said note for a valuable consideration.

This court held, in the case of the Planters' and Merchants' Bank, for the use of Sayre, Converse & Co. v. Blair & Morroh,

Thompson v. Armstrong, use, &c.

that although a note may have been made with a view to have it discounted in a Bank, and may not have been discounted, but is afterwards put in circulation, that it is valid and binding on the parties.

This court has, also, held at a very early day, and has repeatedly recognized the decision since, that a promissory note itself is evidence of a consideration, although a want of consideration may have been pleaded. In the case of McMahan v. Crockett, [Minor's R. 362,] the action was debt, on a promissory note—the pleas *nil debit*, and want of consideration—the circuit court charged the jury, that unless the plaintiff introduced other evidence of consideration, the note alone having been introduced, they must find for the defendant. The jury did find for the defendant; the case came here on error; and this court held the charge of the circuit court erroneous, and reversed the judgment.

3. The third assignment is, that the court erred in refusing to give the charge secondly requested; that, if they believed from the proof that the note was obtained fraudulently from the defendant, or was fraudulently circulated against him, that Sutlif could not recover.

To entitle a party to a charge from the court, there must appear in the bill of exceptions some evidence, on which to predicate it, or some evidence to which it may have relation. The evidence before the jury has already been stated, and it has been seen, that this court has held, that, notwithstanding such facts as are set forth, the holder of such a note would be entitled to recover; it follows, necessarily, that there is no evidence to sustain a plea of fraud, if pleaded; which, however, is not the fact. It will not do to call on a jury, *even by plea*, to pass on such general allegations, as are here made the ground of exception. In the case of Giles v. Williams, use, &c. [3 Ala. Rep. N. S. 318,] it was held that a plea alleging that a bond was obtained by " fraud, covin, and misrepresentation," is clearly bad. The plea, in such a case, ought to specify, in what the fraud consists, otherwise, it would certainly amount to no notice to the party whose rights are to be affected.

4. The last assignment is, that the court erred in the charge given; that the face of the note was *prima facie* evidence that the defendant owed the sum of money therein specified, and that unless the defendant had proved a fraud in the circulation of the

note, and that Sutlif was connected with the fraud, they must find for the plaintiff. This assignment is already sufficiently met, by the views presented on the other assignments. So far as there was evidence before the jury, the charge was correct.

· Let the judgment be reversed, and the cause remanded.