## ANDERSON v. SNOW & Co., ET AL.

1. The contents of articles of partnership cannot be proved by the testimony of a witness who states that he saw such a paper subscribed with the defendants' names, and apparently attested by two other persons as subscribing witnesses, but with the hand-writing of all whom he was unacquainted.

2. A partner, or joint promisor, who is not sued, is a competent witness for his co-partner, or co-promisor, where he is required to testify against his interest; and where such evidence is within the scope of the issue, the Court should not assume his incompetency, and reject him *in limine*.

3. Where the bill of exceptions merely states that the defendant offered to show the contents of articles of copartnership by a witness, and that the plaintiff's objection to the evidence was overruled, the fair inference is, that the objection was made because it was not shown that the articles could not be adduced; consequently the evidence was improperly admitted.

4. Evidence was adduced to show that a private stage line had been stopped by the attachment of its "stock," at the suit of one of the defendants. Whereupon that defendant was permitted, upon proof of the loss of the original, to give in evidence " the record of a mortgage," executed to him by one of the alledged proprietors of the line : *Held*, that it can't be presumed that the mortgage was inadmissible ; and the registry in the office of the clerk of the County Court was admissible as a copy.

Writ of Error to the Circuit Court of Chambers.

THIS was an action of assumpsit, at the suit of the plaintiff in error, against the defendants, who are charged as partners in running the Defiance line of stages, under the name and style of W. W. Snow & Co. The declaration alledges that the defendants are indebted to the plaintiff in the sum of one hundred and thirty-three dollars and twenty-eight cents for keeping and feeding stage horses belonging to the defendants, and also for so much money paid, laid out and expended, at their special instance and request. The writ was executed on Snow, Aikin and Havis, and returned *not found* as to Robinson and Thompson, the two other defendants against whom it was sued out.

Aikin appeared and pleaded—1. Non assumpsit. 2. That he was not a partner with the other defendants who were sued

with him. A judgment by default was rendered against Snow and Havis; issues were joined on Aikin's pleas, and the cause thereupon submitted to a jury, who returned a verdict for the defendant, and judgment was rendered accordingly.

A bill of exceptions was sealed at the instance of the plaintiff, which presents the following points: 1. A subscribing witness testified that he was present when the several defendants entered into articles of co-partnership, for the purpose of running the Defiance line of stages; shortly after the articles were signed, the defendant, Snow, who was appointed the general agent of the company, purchased stock. That the line soon after, viz: in 1842, went into operation, and continued until the summer of 1843. Evidence was adduced tending to show, that subsequent to the execution of the articles of partnership, the defendant, Aikin, had them in his possession. Notice was given " to two of the defendants to produce the articles of co-partnership, and thereupon secondary evidence was offered as to their contents. To prove which, a witness testified that he aided Snow in making purchases for the benefit of the stage line; that he saw articles of co-partnership signed with the defendants' names, and attested by two witnesses, but he stated that he was not acquainted with the hand-writing of the parties." To the testimony of this witness, the defendant objected; his objection was sustained, and the plaintiff excepted.

2. The defendant then offered one Lovelace as a witness, whom it was shown was one of the firm of W. W. Snow & Co., though he was not sued in this action. To this witness the plaintiff objected, because he was interested; thereupon the defendant, Aikin, deposited in the clerk's office a sum of money sufficiently large to cover the amount of the judgment that might be recovered, and also released the witness. The plaintiff still objected to the competency of the witness, but his objection was overruled, and the examination proceeded; whereupon the plaintiff excepted.

3. The defendant offered to show the contents of the articles of co-partnership, and was permitted to do so, in despite of an objection by the plaintiff, who thereupon excepted.

4. Evidence was offered by the plaintiff, to show that the stage line was stopped by an attachment of the stock of the company at the suit of the defendant, Aikin. In reply to which Aikin was permitted to give in evidence " the record of a mortgage," execu-

ted to him by Snow—the loss of the original being established. This evidence was objected to by the plaintiff, but his objection was overruled, and thereupon he excepted.

E. W. Peck and L. Clark, for the plaintiff in error, insisted that Lovelace should not have been permitted to give evidence for the defendant; that he was, as a partner, liable to contribution, and the deposit of money could not make him competent. [See Ball v. The State Bank, at this term.] The release was ineffectual for the purpose intended. Aikin could not remove the objection to the witness; if it could have been done, all the partners should have joined in signing and sealing the release.

J. E. Belser, for the defendant, contended that Lovelace was a competent witness for the defendant, even without a release, or the deposit of money. [5 Ala. Rep. 383; Id. 694; 6 Id. 715; 1 Id. 65.] But if he was incompetent, the deposit of the money, and the release, without objection by him, removed all objection to him. [5 Ala. Rep. 508; Ball v. The State Bank, at this term.] The copy of the mortgage from the record was admissible as secondary evidence, the loss of the original being shown.

COLLIER, C. J.—1. The testimony of the witness who was offered to prove the contents of the articles of partnership was properly excluded. True, he saw such a paper in the hands of one of the parties sued in this action, but he could not say that it was signed by them, or by their authority, as he was unacquainted with their hand-writing. It was necessary to establish its genuineness—this fact could not be assumed, in the absence of all proof to the point.

2. It does not appear what facts the defendant proposed to prove by Lovelace, but he was rejected by the Court *in limine*, thus declaring his incompetency to give evidence to any matter within the issue. The cases cited by the defendant's counsel from the first and fifth Alabama Reports, we think, very satisfactorily show, that a partner, or joint promisor, who is not a party, is a competent witness for his partner, &c. where he is called to testify against his interest. However extensive may have been the inquiry tolerated by the pleadings, the *fact* of the defendant being a partner, and his consequent liability, were ex-

plicitly put in issue. To prove this fact, Lovelace was certainly competent. He was not joined as a defendant to the action, and if he was a partner, he was interested in the plaintiff's recovery; for whether the plaintiff was successful or not, he might be called on to contribute to the satisfaction of the judgment, yet his contribution would necessarily be larger if it should be determined that the defendant was not also liable. This conclusion is so fully supported by the cases referred to, that to attempt to reason further upon the point, would be the mere reiteration of what is there said. In this view of the question, it is unnecessary to consider, whether the release or deposit of money by the defendant, could, if the witness were interested, make him competent.

3. The bill of exceptions merely states that the defendant offered to show the contents of the articles of co-partnership, by the witness, Lovelace, and the plaintiff's objection to the evidence was overruled. Now this may, or may not, have been admissible, according to the circumstances, and as the record is entirely silent upon the point, we cannot know whether any foundation was laid for the introduction of secondary proof; but after making every presumption which can reasonably be indulged against the party excepting, we think it would be too much to intend that the proof of the loss was shown. The most natural inference is, that the objection was made because it did not appear that the articles of partnership could not be adduced. The proof offered by the plaintiff to let in secondary evidence upon this point could not avail the defendant anything; for it was insufficient to prove a loss, but was entirely consistent with his possession of the writing.

4. It may be assumed that the mortgage was admissible, as there is nothing to show the contrary, and the Court so ruled. This being the case, and the loss of the original being established, the copy transcribed upon the records of the County Court was competent, because it was as good as any secondary proof that could be adduced, and is made evidence by statute. [Clay's Dig. 155, § 25.]

It follows from what has been said, that the judgment of the Circuit Court must be reversed, and the cause remanded.