## SAMUEL S. SMITH *v.* JOHN KEELER.

In an action on a contract for labor, and on trial on the general issue, a person is incompetent as a witness for the plaintiff, who was jointly concerned with the plaintiff in making the contract with the defendant.

INDEBITATUS ASSUMPSIT for work and labor. Plea, the general issue, and trial by jury, September Term, 1845,—BENNETT, J., presiding.

On trial the plaintiff offered as a witness one Samuel Smith. The defendant objected to his admission on the ground of interest, and

offered to prove that the work and labor declared for were performed on a contract made by the defendant with the plaintiff and witness jointly. The court declined to hear the testimony so offered by the defendant, and admitted the witness. Verdict for plaintiff. Exceptions by defendant.

*J. Maeck*, for defendant, contended, that the witness could claim one half of the amount recovered in this suit by the plaintiff, and could use the record to show the fact of recovery, as well as the amount recovered, and was therefore directly interested in the event of this suit; and he cited 2 Stark. Ev. 785; Greenl. Ev. §§ 395, 427; 8 C. & P. 480; 1 Dall. 62; *Ward* v. *Lee*, 13 Wend. 41; *Clarkson* v. *Carter*, 3 Cow. 84; *Young* v. *Bairner*, 1 Esp. R. 103.

*J. Carpenter* and *Smalley & Phelps*, for plaintiff, claimed, that the witness could in no event be made liable for costs in this case; and that, in other respects, his interest was equally balanced, on the ground that a judgment against the plaintiff would be no bar to a subsequent action in favor of the witness and the plaintiff jointly, against the defendant;—that if the plaintiff recovered, the witness would have one half of the amount,—if the plaintiff did not recover, the witness would have a claim for an equal amount against the defendant,—and in either event he would not be liable for the costs.

The opinion of the court was delivered by

HALL, J. The only question in the case relates to the competency of a witness. To exclude the witness, the defendant offered to prove, " that the work and labor declared for were performed on a contract made by the defendant with the plaintiff and witness jointly; " and we think the testimony should have been admitted.

The legal intendment of the facts offered to be proved must be taken to be, that the plaintiff and defendant were jointly interested in the labor declared for, and consequently in the sum sought to be recovered. The witness was offered in support of the case generally, under the issue of *non assumpsit* ; and, upon the state of facts proposed to be shown, he would be directly interested to increase the

amount of the recovery, inasmuch as he would be entitled to a share of whatever was obtained of the defendant. The plaintiff, if he recovered, would hold the share of the witness in the avails of the judgment in trust for him; and the record of this suit would be good evidence for the witness in a suit against the plaintiff, to show both the fact of the recovery and its amount.

In case the plaintiff in this suit failed to recover, we do not see why the witness would not, *prima facie*, at least, be holden to contribute to the plaintiff towards the payment of the costs; in which case the record in this suit would be evidence of their recovery and amount. *Jackson* v. *Galloway*, 8 C. & P. 480. 2 Stark. Ev. 484–5. 1 Greenl. Ev. §§ 390, 427. *Pike* v. *Blake*, 8 Vt. 400. *Pinney* v. *Bugbee*, 13 Vt. 623.

The witness having been admitted, notwithstanding the offer to show his interest, we think there is error in the judgment of the county court, and that a new trial should be granted.