## KORNEGAY v. SALLE.

1. One joint maker of a note, not sued, is not a competent witness for his co-maker without a release.

Writ of Error to the County Court of Sumter.

THE defendant in error declared against the plaintiff on

two promissory notes for two hundred and fifty dollars each, to which *non-assumpsit* and *set off* were pleaded. From a bill of exceptions, sealed at the instance of the defendant below, it appears that he offered one Simmons, who was a co-maker with him of the notes declared on, as a witness, and proposed to prove by him, Simmons, that the notes were given to the plaintiff to compensate him for bringing a suit in chancery against one Beck, in favor of the defendant and witness; that it was agreed at the time they were made, that if the complainants did not succeed in that suit, then plaintiff was not to charge them any thing, but was to release them from the payment of these notes. It was admitted that Simmons was liable on the notes to the same extent that his co-maker was, and that they were unsuccessful in the suit in chancery, which was brought for them. The witness was excluded by the court, a verdict returned for the plaintiff, and judgment thereon rendered.

W. J. Steele and J. Metcalfe, for the plaintiff in error, cited 5 Ala. Rep. 383; 6 Id. 714; 8 Id. 504.

No counsel appeared for the defendant in error.

COLLIER, C. J.—It must be admitted that the precise question presented in this case, arose in Thompson v. Armstrong, 5 Ala. Rep. 383, and it was there decided, that one co-maker of a promissory note who was not sued, was a competent witness for another. The point certainly did not receive much consideration, and the decision was doubtless induced by the unsoundness of what was supposed to be the reasoning which influenced the decision in Ross and wife v. Wells, 1 Stew. R. 139. In this latter case, the court merely declare the conclusion that the witness is incompetent; but the argument at the bar, and the citations by counsel show, that this result was urged upon the ground, that the witness being a party to the note, could not discredit it. Thompson v. Armstrong was submitted to the court with a reference to our decisions, to show that this principle, at one time supposed to be founded in public policy, had been repudiated by

us, we denied the general conclusion of Ross and wife v. Wells, without stopping to consider whether it was not sustainable upon other reasons than those upon which it seemed to be placed. Under these circumstances we are inclined to consider the question of a joint maker's competency still open—uninfluenced by either of the decisions referred to.

In Whatley & Gray v. Johnson, 1 Stew. R. 498; Lewis v. Post & Main, 1 Ala. Rep. N. S. 65, and Cawthorne v. Weissinger, 6 Ala. Rep. 714, the joint obligor, or promissor, was offered as a witness by the plaintiff; and according to the authorities, such cases stand upon different grounds from those where the witness is introduced by the defendant. In Anderson v. Snow & Co. et al. 8 Ala. Rep. 504, three individuals were sued as partners; one of them pleaded—1. Non-assumpsit. 2. That he was not a partner with the other defendants who were sued with him, and a judgment by default was rendered against the other two. Upon the trial of the issues, a witness was introduced for the defendant, who, though not a party of record, was a member of the partnership. This court held that he was competent to testify for the defendant; that the judgment by default would stand, whatever might be the finding of the jury upon the issues, and that the witness, if the judgment were a charge upon the firm, would be liable to contribution: it was therefore his interest that the jury should return a verdict for the plaintiff, as in that event, the defendant who controverted his liability, would, if able, bear his proportion of the judgment, and relieve the witness to a corresponding extent. This case, we think, rests upon a solid basis, and is very fully supported by Lovett v. Adams, 3 Wend. Rep. 380.

There are cases where a joint debtor has been received to testify as a witness for the defendant, when, under the circumstances, he was not interested in the result of the suit. He is admitted for the plaintiff, unless he is called upon to prove a joint liability. And if released, or otherwise discharged of his interest, he is said to be equally a witness for the defendant; but without such release, it must be admitted that a great majority of the cases hold him incompetent. See Hall et al. v. Cecil and another, 6 Bing. Rep. 181; Pike v. Blake, 8 Verm. Rep. 400; Pinney v. Bugbee, 13 Id. 623;

Kornegay v. Salle.

Jewett v. Davis, 6 N. Hamp. 518; Spaulding v. Smith, 1 Fairf. Rep. 363. See also, the cases collected in 3 Phil. Ev. C. & H's Notes, 1520 to 1522. The reason assigned in some of the books for the rejection of the joint debtor is, that he is interested in defeating a recovery against the defendant, as he would be liable to contribute to him his proportion of the judgment, while others place it upon the ground of his liability to the costs.

Speaking for myself, I would say, that it never has occurred to me, that the objection that the witness was bound to contribute to the payment of the debt, or damages, for which the judgment was rendered, furnished a reason for his exclusion. The record would not conclude him as to the grounds upon which the judgment was recovered, and when sued for contribution, he might perhaps show that the joint contractor who had satisfied the judgment, had no cause of action against him. But however this may be, as a judgment in favor of the party for whom he had been called to testify, would not be evidence for him, the creditor might sue him, and show that he was liable to the full amount of the demand; and thus he would be charged even beyond what he could be forced to pay if the defendant was successful. The liability of one joint contractor to the payment of his proportion of the costs of a several suit against another, may perhaps be a sufficient reason for the vindication of the almost uninterrupted current of decisions which maintain the incompetency of the former to testify for the latter.

Under the influence of authority too resistless to tolerate freedom of inquiry, we are of opinion that Thompson v. Armstrong, *supra*, upon the question before us cannot be supported. And it follows from what has been said, that the judgment of the county court must be affirmed.