## McCALL v. SINCLAIR.

1. One co-maker of a note, not sued, who is a surety for the other, is an incompetent witness for the plaintiff, in a suit upon the note. The case is not varied by the fact, that he was the agent of the principal debtor in signing his name.

Error to the County Court of Lowndes.

ASSUMPSIT by the plaintiff, against the defendant in error, on six promissory notes, purporting to be executed by Jane Sinclair, the defendant in error, and John A. Spear. Plea, *non est factum.*

The plaintiff offered the deposition of John A. Spear, who was not sued in the action, to prove, that he signed the name of defendant to the notes, at her request, and in her presence, and his own name as surety. The deposition had been regularly taken upon cross examination. On motion of the defendant, the court excluded it from the jury, upon the ground that the witness was incompetent from interest, as a co-maker, to testify. The plaintiff excepted, and now assigns it as error, having taken a non-suit.

T. J. JUDGE, for plaintiff in error.

1. To make a witness incompetent on the ground of interest, it must be shown that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be evidence, either for or against him, in some other action. Massey v. Rogan, 6 Ala. 648. An interest in the question only, will not exclude a witness. Stewart v. Connor, 9 Ala. 821.

2. " One of the joint makers of a promissory note is a competent witness on the part of the plaintiff to prove the signature of the defendant, the other joint maker." Such a witness is indifferent in point of interest. 4 Phil. Ev. text, p. 16; 1 Greenl. Ev. 445, § 399. And " an obligor is a competent witness to prove the execution of the bond by his co-obligors." 4 Phil. Ev. 168, and authorities there cited; see also 2 Greenl. Ev. 138, § 161, and authorities there cited; and Alexander et al., adm'rs, v. Knox & Co. 7 Ala. R. 503, where a co-maker not sued, was decided to be competent for the plaintiff to prove the execution of the note.

3. A joint debtor not sued, " is of course a witness for the plaintiff, unless he be called to prove the joint liability." Cawthorn v. Weissinger, 6 Ala. 714; Kornegay v. Sallee, 12

Ala. 535, and authorities there cited; 3 Phil. Ev. C. & H.'s Notes, 1520, 1521, and cases there cited; see also Dickinson v. Prentice, 4 Espinass. 32; Hewit v. Thompson, 2 Car. & Payne, 372; Venning v. Shuttleworth, Bayley on Bills, 536; Shuttleworth v. Stephens, 1 Camp. 408; 2 Smith's Leading Cases, latest edition, note of American editors to case of Bent v. Baker, tit. "Parties to Negotiable Paper—competency for plaintiff," in which many American cases are cited and reviewed, from p. 126 to 133.

4. The joint liability which a joint debtor not sued is incompetent to prove for plaintiff, is such a liability as between the makers, or debtors—and one good reason why he would be incompetent in such a case is, that in the absence of statutory regulation, a judgment against one joint debtor extinguishes all further remedy against the other, on the original obligation. Lefferts v. De Mott, 21 Wend. 136, and authorities there cited, particularly Robertson v. Smith, 18 Johns. 459; Gibbs v. Bryant, 1 Pickering, 118; Penny v. Martin, 4 Johns. Ch. R. 566; Beltshoover v. The Commonwealth, 1 Watts, 126; Williams v. McFall, 1 Serg. & Rawle, 280; Downey v. Farmers' and Mechanics' Bank of Greencastle, 13 Id. 288.

T. H. WATTS, contra.

1. Whether a co-maker of the notes is competent or not, depends upon whether, under the circumstances of each case, he is interested in the event of the suit. See Greenl. Ev. § 399, p. 469. Where he is called to prove a joint liability—or to cast a portion or the whole liability, *prima facie* resting on himself—or to extend a portion thereof to another—he is interested in the event of the suit, and therefore incompetent. See Stewart v. Conner, 9 Ala. 821; 2 Phil. Ev. C. & H's Notes, 1521; 1 Ib. 112, 113, note 106, page 82, 83; 2 Ib. notes, p. 1355; 8 Cow. 61; 7 Ala. 834; 4 Mass. 653; 12 Mass. 237; 14 Ib. 303; 6 Gill & John. 358; 3 Harr. 196; 7 How. Miss. 414; 2 Day, 398; 2 Wharton, 152; 15 John. 240; 12 Ohio R. 275, 475*; 4 Humph. 449; 5 Watts, 228; see further, 2 Dev. 381; 1 Stew. 498-9; Post & Main v. Lewis, 1 Ala. R. 65, see what Judge Goldthwaite says as to interest in the event of the suit; 11 Ala. 612; 21 Wend.

397. See what Cowan says, after a review of all the cases, English and American, as to the balance of authorities, in the question of competency in cases like this.

2. It is not necessary that the interest of the witness should inevitably be affected, to render him incompetent. See 1 Phil. Ev. C. & H's Notes, p. 115. If the effect of the judgment, when accompanied by the execution, will be favorable to him, he is directly interested in the event of the suit. See Post & Main v. Lewis, *supra*. The reasoning of Hare in Notes to Smith's Leading Cases, is fully met by Judge Goldthwaite. See the authorities cited in Smith's Leading Cases, 1 vol. The weight of authority is admitted by the editor to be against the competency of this witness.

3. This witness cannot be made competent, because he is the agent. One of the main points in issue is, the fact of agency—and the question here involves the fraud of the agent. See Griggs v. Woodruff, decided last term. The agent is not competent if he be himself *prima facie* liable. See Sage v. Sherman, 25 Wend. 426; Williams v. Little, 12 N. H. Rep. 29.

COLLIER, C. J.—The competency of one joint maker of a promissory note, who is not sued, to give evidence for another, or for the plaintiff, depends upon the fact, whether he is interested in the event of the suit. In Kornegay v. Salle, 12 Ala. Rep. 534, we said that a joint debtor had been received as a witness for the defendant, where, under the circumstances, he was not interested in the result of the cause; that he was admitted for the plaintiff, unless he was called to prove a joint liability. It was added, that if he is released or discharged of his interest, that he was admissible for either party; but without such release, a great majority of the cases hold him incompetent. See also, 2 Phil. Ev. C. & H's Notes, 81 to 84, note 81; Id. 111, 112, note 104; 3 Id. 1520, *et post*, and 1528.

In Whatley & Gragg v. Johnson, 1 Stew. Rep. 498, one joint promissor was held an incompetent witness for the plaintiff, to prove the signing of the note by the other; upon the ground that he was directly interested in fixing the liability of the other, " because in so doing he would light-

en a burden likely to fall, and which, in the event of the defendants being exonerated, would fall entirely upon himself." Harvey v. Sweasy, 4 Hamp. Rep. 449, is directly in point, and states the law in equivalent terms. See Hopkinson v. Steel, 12 Verm. R. 582; Pinney v. Bugbee, 13 Id. 623; Greely v. Dow. 2 Mctc. Rep. 176; Moffit v. Gaines, 1 Ired. R. 158; Hayes v. Gorham, 2 Scam. R. 429.

In the case at bar, it is perfectly clear, if authority is to be followed, that the deposition of Spear was properly rejected. He is interested in a recovery by the plaintiff, and will not, if his testimony be true, be compelled to contribute to the satisfaction of such a judgment, or to reimburse the defendant, should he pay it. The facts narrated by him, not only show a joint and several liability, as it respects the plaintiff, but an exclusive liability as between the defendant and the witness; so that if the plaintiff recovers and obtains satisfaction of the defendant, the witness will be discharged. Here then was a direct interest in favor of the party at whose instance the witness was offered, and according to a cardinal rule in the law of evidence, the witness was incompetent.

It is however insisted for the plaintiff, that the deposition should have been received, upon the ground that the witness, in signing the name of the defendant to the notes, acted as his agent. A mere agent is a good witness for his principal from public convenience and necessity. 2 Phil. Ev. C. & H's Notes, 254, note 241; Stringfellow v. Mariott, 1 Ala. Rep. 573; Doe v. Himelick, 4 Blackf. R. 494; Wainwright v. Straw, 15 Verm. Rep. 215; Harvey v. Sweasy, 4 Hump. Rep. 449. But where an agent has a direct interest in the event of a suit relating to a contract made by himself, independently of his acts as agent, he is not a competent witness for his principal, in respect to such contract. Steam Navigation Co. v. Dandridge, 8 G. & Johns. R. 248; Hickling v. Fitch, 1 Miles Rep. 208; McBrain v. Fortune, 3 Camp. Rep. 317; 3 Phil. Ev. C. & H's Notes, 1526 to 1528; Sheldon v. Ackley, 4 Day's Rep. 458; Shiras v. Morris, 8 Cow. Rep. 60; Rail Road. Co. v. Kidd, 7 Dana's Rep. 245; Earle v. Clark, 3 Shep. Rep. 368; Williams v. Little, 12 N. Hamp. Rep. 29; Thompson v. Lothrop, 21 Pick. R. 336; Newbold v. Wilkins, 1 Harring. Rep. 43; Allen v. La-

cy, Dudley's Rep. (Geo.) 81; 2 Phil. Ev. C. & H's Notes, 96, *et seq.*, note 89. These citations very satisfactorily establish, that conceding the witness was the agent of the defendant, he was not thereby rendered competent to testify at the trial, if he was otherwise interested in procuring a verdict for the plaintiff. That he had such interest has already been shown. It follows that the ruling of the county court is conformable to law, and its judgment is consequently affirmed.