#### FOR THE

## COUNTY OF WINDHAM.

### FEBRUARY TERM, 1849.

---

#### PRESENT,

Hon. MILO L. BENNETT,  
Hon. DANIEL KELLOGG,  } ASSISTANT JUDGES.  
Hon. HILAND HALL,  
Hon. LUKE P. POLAND,  

---

### REUBEN K. GILBERT v. ANSEL C. TOBY AND WILLIAM STONE.

Although the depositions of the parties are not admissible in actions on book account, yet when there are two defendants, the plaintiff may use as evidence a written statement signed by one of them, in reference to the subject matter of the suit, as an admission; and it makes no difference, that such admission in writing is sworn to and certified in the form of a deposition.

And the report of the auditor will not be set aside, because it appears upon its face, that such written admission was offered and received before him as a deposition,—it not appearing, that he gave to it any other weight, or effect, than that of an admission by the party.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed.

It appeared from the auditor's report, that the plaintiff, to sustain his account against the defendants, offered in evidence the deposi-

Gilbert v. Toby et al.

tion of the defendant Stone; which was objected to by the defend-
ant Toby, for the reason,—1, That the deposition of a party is not
admissible before the auditor ;—2, That the certificate of the magis-
trate, before whom the deposition was taken, did not show, that no-
tice of its taking was given to the defendants ;—but it was admitted
by the defendant Toby, on trial, that he had due notice of the taking
of the deposition ;—3, That the deposition was not filed in the
office of the county clerk thirty days before the trial.   The auditor
received the deposition, and reported, that there was due from the
defendants to the plaintiff the sum of $15,46.

The county court, April Term, 1848,—KELLOGG, J., presiding,—
accepted the auditor's report and rendered judgment thereon for the
plaintiff.   Exceptions by defendants.

O. L. *Shafter* for defendants.

W. H. *Follett* for plaintiff.

The opinion of the court was delivered by

KELLOGG, J.   This is an action of book account; and the excep-
tions taken arise upon the auditor's report.   The auditor, at the
hearing, upon the application of the plaintiff, admitted the deposi-
tion of the defendant Stone; although objected to by the defendant
Toby.

That the depositions of the parties, in actions on book account,
are inadmissible as such, though by statute the parties are made
competent witnesses, was settled by the case of *Pike* v. *Blake*, 8 Vt.
400.   The statute, authorizing the parties in book account actions
to testify to their respective accounts, contemplates a *personal* ex-
amination before the auditor, in case their testimony is offered.
Their depositions, as such, are therefore not admissible.   If, how-
ever, the deposition was admissible for any purpose, then there was
no error in the decision of the auditor admitting it.   Was not the
deposition admissible, as containing an admission of the party in re-
lation to the subject matter of the suit ?   We are clearly of opinion
that it was.

If the defendant Stone had made verbally the same statements,
that are contained in his deposition, it would not be questioned, we

apprehend, that the plaintiff might have proved those statements by any competent witness, who heard them made ; and are those statements, when reduced to writing and signed by the party, inadmissible, or entitled to less credit, than his statements proved by a witness upon the stand ?   Or does the fact, that the written statement of the party is sworn to, render it inadmissible ?   We are well satisfied it does not.   The fact, that it was sworn to, was of no importance.   It was only admissible as a *simple admission* of the party.

It is farther objected, that there was no evidence before the auditor, that the deposition was signed by Stone.   It is a sufficient answer to this objection, that no such question was made before the auditor, and consequently it cannot be raised here.

It is farther said, that the auditor admitted it as a deposition.   It is true, that the auditor calls it a deposition, and it has all the forms of a deposition; but it does not appear, that the auditor gave to it any other weight and effect, than that of an admission of the party ; and, as such, it was clearly admissible.   And if the defendant Toby were apprehensive, that the auditor would give to the paper an importance, as evidence, to which it was not entitled, he might have insisted upon its legal character and effect, and have compelled the auditor to decide the question and present it in his report.   This the defendant did not do, but insisted upon the exclusion of the paper, which was clearly admissible.   And the court are not, for the purpose of overturning the report, to *presume,* that the auditor gave to the deposition a character and effect, to which it is not entitled.

The result is, that the judgment of the court below must be affirmed. .