BARNEY vs. EARLE, Exec'r. &c.

1. A partner who executes a note in the name of the partnership, is not a competent witness against his co-partner, when the latter is sued alone on the note.

2. When an agent, acting within the scope of his authority, executes a promissory note in the name of his principal and himself, he is an incompetent witness against his principal, when the latter is sued alone on the note.

3. When an agent, having authority from his principal to purchase goods from A. purchases from B., and executes a note in the name of his principal and himself jointly, for the purchase money, he is an incompetent witness against his principal, when the latter is sued on the note.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. George Goldthwaite.

Assumpsit by the defendant in error. The declaration contained two counts, the first on a lost promissory note, and the second, *indebitatus assumpsit.* There was a demurrer to the first count, which was sustained by the court below, and the parties went to trial on the second.

On that trial the plaintiff offered Henry A. Skinner as a witness, who being objected to by the defendant, on the score of interest in the result of the suit, was examined on his *voire dire.* When thus examined he stated, "that at the time of the purchase of the corn sued for, the defendant Barney and himself were partners in planting; that witness was authorized by him to purchase the corn, which he did, and gave a note therefor, signed Barney & Skinner, by H. A. Skinner; that the corn so purchased was for the individual benefit of Barney, who has since promised to pay for the same, and that

there has been a final settlement of the partnership accounts between witness and defendant." The defendant then objected to the witness being sworn in chief, or allowed to testify, because, by his own showing, he was interested in behalf of the plaintiff. The court overruled the objection, and the defendant excepted.

In his testimony the witness stated, that at the request of Barney he purchased corn of Joseph B. Earle, which was represented to belong to James W. Earle, to be paid for in sixty days; that in consequence of a matter between Jos. B. Earle and himself, he gave Earle a note for the corn, negotiable in bank, at sixty days, signed Barney & Skinner, by H. A. Skinner; that he had no authority from Barney to give the note, other than that to purchase the corn; that the corn was used on Barney's plantation; that he (Barney) ratified the purchase after it was made, and agreed to pay for the corn; that Earle passed the note to one Bondurant, under an agreement that if Barney paid the money on it, Bondurant should pass the sum so paid to Earle's credit with him; that Bondurant called on Barney and demanded payment, but does not know whether it was before or after the loss of the note; Barney, at first, refused to pay Bondurant, but after seeing witness, said, in Bondurant's presence, that he would pay the debt, but witness could not say whether he meant the note, or an account for the corn; that Barney, after the note spoken of was given, acknowledged that he had denied the authority of witness to make it, but said he would pay for the corn; when cross-examined by defendant, that Barney instructed him to buy the corn of Joseph B. and not James W. Earle, but he afterwards informed Barney that the corn purchased was the property of James W. Earle, and Barney agreed to pay for it.

The defendant below demurred to the evidence, and the court gave judgment for the plaintiff, to review which the case is brought to this court.

BROOKS & BYRD, for plaintiff in error:

1. A partner is not a competent witness for the plaintiff in a suit against his co-partner alone, on a partnership debt. Lewis v. Post & Main, 1 Ala. 72; Bean v. Pearsall, 12 ib. 592.

2. An agent, who signs his principal's name to a note, and his own as surety, is not a competent witness for the plaintiff in a suit against the principal alone. Scott v. Yarbrough, 5 Ala. 221; McCall v. Sinclair, 14 ib. 764; Phil. on Ev. (C. & H.'s Notes,) 112, 266.

A. R. MANNING, contra.

LIGON, J.—The only question for our determination is, did the court below err, in allowing the witness Skinner to testify for the plaintiff?

To ascertain this, it will be necessary for us to examine the rights and liabilities of the parties in this transaction, as they are shown in the examination of the witness on his voire dire, and in his testimony in chief.

First. It appears from these, that Barney and the witness were partners, and for the purchase of goods necessary for, and properly appertaining to, the business of the partnership, the witness makes a negotiable note, in the name of the firm, to a third person. This view of the case places the witness in as favorable a position as he can possibly occupy under the proof. What are the rights and liabilities of the parties? The payee, or holder of the note, has the right to enforce its collection against both the partners; and if one of them should respond to his judgment, by paying it in full out of his own means, his co-parner would be liable to him for contribution only. If one partner only were sued by the payee or holder, (which is the case here,) and the plaintiff were to recover the whole amount against him, the co-partner, who in the first instance was liable for the entire debt, is released from that liability, and becomes responsible to his co-partner for only one half this sum. It is, then, clearly and directly the interest of the partner not sued, to aid the plaintiff in his recovery against his co-partner. This was the situation of the witness Skinner, and we think he should not have been allowed to testify.

In Lewis v. Post & Main, 1 Ala. 65, this point arose, and this court then held the partner who was offered as a witness incompetent, on account of direct interest, in the legal sense of that term, and proceeded to say, "If the judgment which is obtained on the evidence of a partner will inure to his benefit

when collected, by discharging him from the payment of a portion of a sum of which he might otherwise be compelled to pay the whole, it cannot be said that he has no interest in the suit, or that it is uncertain, doubtful, or contingent, in the legal sense of these words. Whenever, by operation of a judgment at law, without the act of a party, a debt or right of action will be extinguished or lessened, we must consider the extinguishment, whether in whole or in part, as the necessary result of the verdict, and a witness who is interested to produce such a result, is, by the general rules of evidence, incompetent without a release." The ruling in the case cited is decisive of this, in the aspect in which we are now considering it, has been followed in later cases, and we are not disposed to disturb it.

Second. Should it be contended, that when all the statements of Skinner, the witness, are taken together, they show that he acted only as the agent of Barney, acting within the scope of his authority, in purchasing the corn and making the note, and that the firm of Barney & Skinner, as such, were in no wise bound for the payment, then the case amounts to this: that the agent subscribed his own name to the note of his principal as security for the latter. Does this render him disinterested, in a suit between the payee or holder of the note and his principal? By no means. As a joint and several maker of the note, he is liable to the payee or holder for the full amount of the debt; but if his principal be sued alone, and the agent, by his testimony, procures a judgment against such principal, and it is satisfied, the agent, as surety, is forever discharged from all liability for the debt, or any portion of it. The reason for his exclusion is stronger on this view of the case, than it was on the first, and the rule laid down in the case of McCall v. Sinclair, 14 Ala. 764, fully sustains us in this conclusion.

Third. Let us examine the case in another aspect, which is fully justified by the record. Skinner says, that although authorized by Barney to purchase the corn of *Joseph B.* Earle, he had no express authority to make any note for the purchase money. He says, also, that the corn purchased belonged to *James W.* Earle, and not *Joseph B.*, and although he does not distinctly state that the note given was payable

to Jas. W. Earle, yet the record comes to his aid, and shows that Jas. W. Earle was the payee; for the writ and declaration are in his name, and founded on a note payable to himself. We apprehend it will scarcely be contended, that authority given to an agent to purchase an article of A., would give the agent power to buy it of B., for the principal has a right to select his creditor, and when this selection is made, and the agent directed to purchase of him, such agent has no power to make his principal liable to another, even though the liability be for the same articles he had been directed to purchase. This being the law, Skinner stands, in this transaction, in the attitude of an agent who has exceeded his authority, and without power to bind his principal. The note made by him to *James W.* Earle was, as he confesses, made without authority, nor does it anywhere appear that Barney subsequently ratified it. This being the case, the note is void as to Barney, but good and available in the hands of the holder against Skinner himself. He is, then, directly interested in fixing Barney's liability.

In every view we have been able to take of this case, the witness Skinner is incompetent, and should not have been permitted to testify.

Let the judgment be reversed, and the cause remanded.