*New-Haven,*
November,
1814.

Peck
*v.*
Smith.

### SKILLENGER *against* BOLT.

THIS was an action of trover for a horse and carriage. The cause was tried at *Danbury, September* term 1814, before *Reeve,* Ch. J. and *Edmond,* J. On the trial on the issue of not guilty, it appeared that the defendant, as a sheriff's deputy, attached the property described in the declaration, by direction of *Thaddeus Betts,* in a suit brought by him against one *Wallace* on a promissory note. The defendant relied on the attachment for his defence, and offered *Betts* as a witness to prove his part of the issue. The plaintiff's counsel objected to the competency of *Betts* on the ground that he was directly interested in the event of the suit. The defendant's counsel then produced a discharge from the defendant to *Betts;* upon which *Betts* was asked, if he did not expect to pay the judgment and all expenses provided a recovery should be had against the defendant? To which he replied, "I certainly do." The plaintiff's counsel urged this as an objection to his being admitted to testify; and the court thereupon excluded him. The jury having found a verdict for the plaintiff, the defendant moved for a new trial on the ground that the court mistook the law in thus excluding the witness; and the question was reserved for the advice of all the judges.

A witness interested in the event of the suit on the ground of his being liable over to the defendant, having been released by the defendant, was asked if he did not expect to pay the judgment and all expenses, provided a recovery should be had against the defendant, to which he replied "I certainly do:" Held that such witness was incompetent to testify for the defendant.

*R. M. Sherman* and *Bissell,* in support of the motion, stated the question to be, whether a mere honourary obligation, independent of any legal liability, shall go to the competency of a witness. They then gave a history of the course of decisions to show that since the time of Lord *Mansfield* objections on the score of interest have, as far as possible, been confined to the credit of the witness, and have not been permitted to affect his competency. It is now settled, with universal approbation, that the only interest which will exclude a witness must be a pecuniary interest in the event of the suit. *Bent* v. *Baker & al.* 3 *Term Rep.* 27. *Phelps* v. *Winchell,* 1 *Day's Ca.* 269. *Swift's Ev.* 54. It must be a real, and not a merely imaginary interest ; it must be a strictly legal interest, for a court of law can recognize no other. It is also settled, that a release of the witness' interest, whatever it may be, restores his competency. 3 *Term Rep.* 29. 33. 35. *Peake's Ev.* 158. *Esp. Dig.* 716. 1 *Campb.* 37. 8 *Johns. Rep.* 377. This rule is clear, precise, and of universal application. That which makes the question whether the witness considers himself under an honourary obligation the criterion, is necessarily uncertain, and depends wholly on the sense which the witness entertains of such an obligation. This absurd consequence will result, that a witness who has a nice sense of honour will be excluded, while another in the same situation, who disregards the obligations of honour, will be admitted. It is now settled in *England*, that a mere obligation in honour is not an objection to the competency of a witness. *Pederson* v. *Stoffles,* 1 *Campb.* 144. and a case cited *ibid.* by *Best,* Serjt. before Sir *James Mansfield,* where his lordship said, " that the same honour by which the witness considered himself bound to pay a sum of money for which he was not liable, would lead him to speak the truth between the parties." The same doctrine has been recognized in *New-York.* *Gilpin* v. *Vincent,* 9 *Johns. Rep.* 219.

It is clear, that if *Betts* had taken his release, and said nothing, he would have been a competent witness, and the defendant would have had a right to his testimony. But he said, he *expected* to pay. This expectation was a mere violition of his mind. Can a man thus disqualify himself as a witness ? The release has operation, whatever may be his private intentions.

*New-Haven,*
November,
1814.

Skillenger
*v.*
Bolt.

*N. Smith* and *Hamlin*, contra. The rule in the *English* courts formerly was, that if the witness conceived himself in honour bound to assume upon himself the consequences of the action, he was incompetent. *Fotheringham* v. *Greenwood*, 1 *Stra.* 129. S. C. cited with approbation by *Gould*, J. 1 *H. Bla.* 307. *Peake's Ev.* 157. *Esp. Dig.* 707. The same doctrine has been recognized in this state by the practice of our courts. *Swift's Ev.* 55. The old rule is certainly the most reasonable ; for if the witness has made up his mind that he shall indemnify the party, the *bias* on his mind will be the same, whether the law compels him to do so or not. For a contrary rule there is no other authority than one or two decisions of a single judge at *nisi prius.* Sir *James Mansfield's* reasoning may be applied to a witness who has a legal interest in the event. The same sentiment of probity and honour which induces him to say that he is interested, when the question is put to him on the *voir dire*, will induce him to tell the truth when examined in chief.

Further, it appears from the case, that the witness was under a *legal* obligation to indemnify the defendant. Notwithstanding a release had been executed, he still *expected to pay.* The fair inference is, either that he had incurred an obligation since the execution of the release, or at any rate, that he was not to avail himself of it.

Again, it does not appear, that any injustice has been done ; or that the evidence offered was of any importance, so that if admitted, it would have varied the result. On this ground, therefore, a new trial ought not to be granted.

INGERSOLL, J. It is my opinion that the court did right in excluding the witness. It seems, the discharge was given to the witness in order to qualify him to testify in a cause, in which he was directly interested, and in which he was bound by every honest principle to indemnify the defendant. In such a case, though a discharge be given to the witness, it comes in a very questionable shape, even if nothing more appears than the discharge itself. But if immediately after it be given, and at the very time when it is produced before the court, the witness says he considers it as nothing, the inference must be, that it was a sham business, made up for the occasion ; and that it never was intended by the parties to the discharge, that it should exonerate the witness from

*New-Haven,*
*November,*
*1814.*

Skillenger
*v.*
Bolt.

liability to indemnify the defendant for taking the property as stated in the motion.

In this opinion the other Judges severally concurred.

New trial not to be granted.