Jackson, J.,
delivered the opinion of the Court. On the first point, which has been argued in this case, we are all of opinion that the direction to the jury, as stated in the report of the trial, was wrong, and that * there must be a new trial.
On examining the depositions referred to in that part of the report, there appears to be no evidence, and, indeed, there is no attempt to prove, that the defendant had any knowledge of the usage and course of business at the Hartford Bank. As the note does not purport to be payable with grace, the demand of payment and notice of non-payment were too late, unless the defendant was bound by that usage.
When this question was first suggested on the present argument, I doubted whether it was open to the defendant. On the trial of *267 the cause, the evidence of.the demand, and of the notice to the defendant, was objected to as insufficient for sundry other reasons, some dr all of which have been again urged on this argument. My impression was, that these were the only points presented in this part of the report; and I was not aware that it had ever been made a question whether the defendant was bound, provided the demand and notice were conformable to the usage and course of business. I have not novv^ any recollection that this point was raised at the trial; but as it is said by the counsel for the defendant that they have always relied on it as material in the defence, and as the language of the report is obviously broad enough to include it, there can be no doubt that the defendant has a right to insist upon it.
As there is to be a new trial, we have thought it proper to express our opinions on the other points that have been argued in this case, in order to prevent further delay and expense to the parties.
In every trial by jury, it is the duty of the judge to decide all questions of law that may arise. When evidence is produced by either party, it is for the jury to say whether they believe the fact which the party attempts to prove by it; and if the material fact is not itself directly proved, but is to be inferred from other facts, it is for the jury to draw that inference. So, when a witness testifies directly to any material fact, which is not rebutted by any evidence on the other side, *it is the province of the jury to decide on the credit to be given to the testimony ; but it is for the judge to declare its legal effect and operation. It is almost always expedient, and it is sometimes necessary, in such a case, for the judge to express his opinion to the counsel; as it not only saves time and trouble to all who are concerned in the trial, but also takes away the occasion of arguing to the jury on a mere question of law, which ought never to be allowed in a civil action. The mistakes of a jury, if they should commit any; on such a question, cannot be easily discovered; whilst those of the judge must be known, and will be readily corrected by the whole Court.
As to the first exception which is mentioned in the report, we are all of opinion that the demand of payment on the promisors, and the notice to the defendant, as stated in the depositions referred to in the report, were in conformity with the usage and course of business at the Hartford Bank, as proved by the same depositions; and were therefore sufficient to bind the defendant, if he had been conusant of that usage.
As to the next point, the defendant’s counsel having produced evidence tending to show that Lloyd, who negotiated the note in question to the plaintiff, could not have recovered judgment upon if *268 against the defendant, and that the plaintiff was probably apprized of those circumstances when he took the note, they contended that the plaintiff could not recover injfiis action, unless he proved that he was a bona fide purchaser and holder of the note. It was obviously a question for the jury, whether those suggestions respecting Lloyd, were true, and how far the knowledge of the facts was brought home to the plaintiff; and if the evidence on this point had stopped there, these questions would have been jeft to the jury But the defendant’s counsel, not thinking it safe or proper to rely on this evidence, produced a deposition of Lloyd, in which he undertakes to state the facts relating to his transfer of the note to the plaintiff. Still it was a question for the jury, whether this statement by Lloyd was true. But as it * was contained in a deposition produced by the defendant him self, his counsel did not undertake to argue against it. We are all satisfied that the facts there stated, if believed by the jury, were sufficient to show that the note was duly transferred to the plaintiff, and that the instruction to the jury was in this particular correct.
We are also of opinion that the words “for renewal,” written at the bottom of the note, did not destroy its negotiability; and that, when taken in connection with Lloyd's deposition, they do not in any degree impair the plaintiff’s right to recover.
The next question relates to the competency of F. Dickinson, one of the makers of the note, as a witness for the defendant in the trial of this action. He was directly interested in the event of this suit, because a verdict against the defendant might be used as evidence in an action by the latter against him. If there has been any uncertainty or diversity in the practice of other courts, there has been none in this; and such witnesses have always been released by the defendant before they were examined by him. In the present case, however, the point rests on much stronger ground. According to the defendant’s statement, this was an accommodation bill, which he endorsed merely as a surety for the makers; and he offers the principal, for whose debt he is sued, to prove that he is not bound to pay it. (a)
The case of Birt vs. Kershaw, which was relied on in the argu *269 ment, is wholly unlike this. There the witness was an endorser after the defendant, who called him ; and was of course not liable, in any event, to an action by the defendant, in consequence of his being a party to the bill. His supposed interest arose entirely from his having received money of the defendant to pay the debt to the plaintiff; and he was considered, in this respect, as on the footing of any other agent under like circumstances, who is at all events liable to one or other of the parties in the suit, and who therefore stands indifferent between them.
* As to the next point, I was by no means satisfied that the usury, if proved according to the statement of the defendant, would avoid this note. The usury, as alleged, was wholly in other negotiations; and the note was held as a pledge, or rather it was to be applied in discharge of the eventual balance of those negotiations. Now, if any other chattel had been delivered in like manner, and Lloyd, had sold it to the plaintiff, and applied the proceeds of the sale towards the discharge of that balance, it would not be contended that the title of the purchaser could be impeached by reason of usury between the vendor and the former owner of the chattel. ' But, without determining that question, it is clear that the accounts current, which were offered by the defendant, could not be used by him for any purpose. They were not among the res gestee at the time of the negotiation of this note; and therefore they stand on the same footing with any other accounts between Lloyd and the Dickinsons. They could not be used by the defendant to impeach or contradict the testimony of Lloyd, because he was a witness produced by the defendant himself. (b)

New trial ordered

 [The mere fact that he was one of the makers of the note did not disqualify the witness. From the authorities, it seems that the witness would have been campe tent, if the endorsement had not been made for his accommodation. — Phil. & Am. 8th. Lond. ed 127. — Charrington vs. Milner, Peake’s C. 6.— Verning vs. Shuttlesworth, Bayley on Bills, 5th ed. 536. — But this rendered him incompetent. •—Jones vs. Brooke, 4 Taunt. 464. — Edmunds vs. Lowe, 8 B. & Cr. 407. — Bottomley vs. Wilson, 3 Starkie, 148. — Hardwicke vs. Blanchard, Gow. 113. — Phil. & Am. 104—125 —Maundrell vs. Kennett, 1 Camp. 408.— Hall vs. Cecil, 6 Bingh. 181.— Townsend vs. Downing, 14 East, 565.— Greely vs. Dow, 2 Met. 176. — Ed.]

 [It is clearly settled that a party may prove, by other evidence, the truth as to a material fact relevant to the issue in a cause, although it may collaterally affect the credit of his own witness. — Phil, & Am. 8th ed. p. 902, 903, 904.— Bull. JV. P. 297. — Lowe vs. Joliffe, 1 Bl. 365. — Pike vs. Badnaring, 2 Stra. 1096, a.—Alexander vs Gibson, 2 Camp. 556. — Richardson vs. Allan, 2 Stark. N. P. 334. — Ewer vs. Ambrose, 3 B. & Cr. 423. — Bradley vs. Richards, 8 Bingh. 57. — Friedlander vs. The Royal Exchange Assurance Company, 4 B. & Ad. 493. — Wright vs. Beckett, 1 M. & R , N. P. C. 429. — But in this case the substantial ground of objection was that the proof offered was not substantive evidence of the fact which it was offered to prove. — Ewer vs. Ambrose, 3 B. & Cr. 746.—Ed.]