Mr. Chief Justice Shakeex:
The defendant in error brought an action of debt on a writing obligatory, dated the 9th of April, 1819. The plaintiff in error pleaded the statute of limitations, that the action was not commenced within sixteen years after the cause of action accrued. To this plea the plaintiff below replied, that at the time of the execution of the writing obligatory the defendant beloiv was a *265 resident of Virginia, and1 absent from the state of Mississippi. That he did not come into this state, until 1838, and was not until that time subject to the jurisdiction of1 the courts of this state. To this replication there .was a demurrer, 'which was overruled, and- judgment for the plaintiff below. The correctness of the decision on the demurrer is the only question in the case.
■ It is the statute of this state which is pleaded ; not that of Virginia. We are not therefore called on to decide whether the limitation of another state can.be set up as a defence here.
The question presented .by the record has been so often decided in other states, under similar statutory .provisions, that it must now be considered as settled. But, apart from decided'cases, the 12th section of the statute, Rev. Code, 186, seems to apply as well to persons who have never resided in this state, as to those who have removed before the cause of aption accrued. It is as follows:-“If any person or persons against whom there is or shall be any cause of action, as is specified in the preceding sections of. this act, (except for the recovery of lands, tenements, or hereditaments,)'is or. are-or shall be out of this-state, at the time of the cause of such action accruing, or any time during which a suit might be sustained on such causé of action, then the person or persons who is or shall be entitled- to such action, shall be at liberty to bring the same against such person or person's after his or their return into this state-; and ,the time of such person’s absence, shall not be accounted or taken as a part of the time limited by this' act.” The word •“ return,” in the latter part of the. section, is- the only thing that in the least favors a different construction, and there can be no good reason fon allowing that to control and limit the previous broad and unequivocal enactment.
The reason and justice of the enactment 'apply as well to those who havemot been in the state at all, as to those who have not been in it since the cause of action accrued. It was evidently intended that the remedy should not be barred until there had been ample time and opportunity to enforce it, under the laws of the state, Until the defendant came within the jurisdiction of our courts, there was no such opportunity. The only remedy in *266 this case was by personal action; that did not exist until the defendant was subject to the jurisdiction of the state courts; and of course it could not be barred until it had an existence. The savings in the English statutes of 31 James I. and 4 Anri, both as to plaintiffs and defendants who were abroad when the cause of action accrued, have been held to apply as well to those who had never been in England, as to those who had left before the cause of action accrued. And such also has been the construction in most of the states of the Union. (Hall v. Little, 14 Mass. Rep. 303 ; Shelby v. Guy, 11 Wheaton, 361; Murray v. Baker, 3 Wheaton, 541; Ruggles v. Keeler, 3 J. Rep. 261; 2 Starkie’s Evidence, 901, note 2.) A different rule was adopted by the Supreme Court of Tennessee, in the case of Pike v. Green, 1 Yerger, 465; but this decision certainly stands opposed by the weight of authority. No case has been found which sustains it; and although in that case the court undertook expressly to overrule the decision of the Supreme Court of the United States, yet we think the decision of the latter the better authority.
This case bears no analogy to the case of Davis v. Minor and wife, cited in the argument, and the principles there settled have no application.
The judgment must be affirmed.