### Edward R. Southard *versus* Nathaniel Wilson.

In an action against the indorser of a note, the maker, for whose accommodation it had been indorsed, without a release from the defendant, is an incompetent witness for him.

If a party introduces a release, for the purpose of discharging the interest of a witness, he must, ordinarily, prove its execution.

Where an interested deponent states in his deposition, that the party calling him, and in whose favor the interest is, has given him a release, but no release is produced, either at the time of the taking of the deposition, or at the time it is offered in evidence at the trial, the deposition is inadmissible.

Assumpsit on a note of hand, made by Abner Bailey to the defendant, and by him indorsed for the accommodation of the maker, dated Feb. 20, 1836, for the sum of $415. To prove payment of the note the defendant offered the deposition of Bailey, the maker of the note. To the admission of this deposition the plaintiff objected on account of the interest of the witness. The objection was overruled by Shepley J. presiding at the trial, and the deposition was read to the jury. The verdict was for the defendant, and the plaintiff filed exceptions.

The following are all the parts of the deposition, pertinent to the present inquiry.

" By defendant. Interrogatory 10. Has or has not said Wilson given you a receipt and discharge in full from all

liability on account of said note ? Answer of deponent. He has, prior to my former deposition, and has now given me another, and the following is a true copy of the same. "Received of Abner Bailey one dollar in full for any and all claim I may or can have upon him in consequence of any liability of mine by indorsing a note for his benefit for the sum of $415, dated Feb. 20, 1836, and in full of any and all claims I might have upon him growing out of the suit of E. R. Southard vs. me on said note. Given under my hand and seal, at Orono, this sixth day of August, 1840. Nathaniel Wilson. [Seal.]" By attorney for the plaintiff. Interrogatory 6. Had you, prior to March, 1839, received any release or discharge from N. Wilson from liability on the note in suit ? Answer by deponent. I did receive a written release from Mr. Wilson prior to giving my former deposition, and he has now given me another, signed and sealed by him, a copy of which I have annexed to this."

It did not appear from the exceptions, that any release was produced at the trial, or that any notice had been given to produce it.

*Washburn* argued for the plaintiff, and contended that the deposition was improperly admitted. The deponent, being the maker of the note, was incompetent as a witness, without a release. *Pierce* v. *Butler,* 14 Mass. R. 303.

The deponent was incompetent to prove, by his own testimony, that he had been discharged from his interest by a release. The release must be produced and proved, and the Court is to decide, whether the release is sufficient to discharge the interest. 4 Serg. & R. 298; *Hobart* v. *Bartlett,* 17 Maine R. 429; 1 Campb. 37.

The objection was taken at the time of taking the deposition, and if it had not been, it could have been taken at the trial. *Talbot* v. *Clark,* 8 Pick. 51.

The cross-interrogatory was merely to fix the time, not to inquire about his interest. But no cross-examination could have rendered the deponent competent. *Gage* v. *Wilson,* 17 Maine R. 378; 1 Dallas, 275; 1 Coxe, 46.

*A. G. Jewett* and *Wilson* argued for the defendant, and cited, *King* v. *Upton,* 4 Greenl. 387 ; *Hobart* v. *Bartlett,* 17 Maine R. 429 ; *Abbott* v. *Mitchell,* 6 Shepl. 354.

The opinion of the Court was drawn up by

WHITMAN C. J. — The witness, Bailey, the maker of the note declared upon, for whose accommodation the defendant had indorsed it, without a release from the defendant, was an incompetent witness for him. *Pierce* v. *Butler,* 14 Mass. R. 303 ; Greenl. Ev. § 401 ; *Hubbly* v. *Brown,* 16 Johns. R. 70. The question then, is, was Bailey duly released, and was there competent proof of it. No release ·was offered, with proof of its execution, as is ordinarily requisite. *Cocking* v. *Jarrard,* 1 Camp. 37 ; *Hobart* v. *Bartlett,* 17 Maine R. 429.

But it is contended, that as the plaintiff, when Bailey's deposition was taken, inquired of him whether the defendant had given him a receipt or discharge in full, it was tantamount to an interrogation as to whether he was interested in the event of the suit or not ; and being so, that it comes within the decision in *King* v. *Upton,* 4 Greenl. 387. The Court in that case held, that, as the witness, in his deposition, was interrogated on oath as to his interest in the event of the suit, and denied having any such interest, it was an election of the adverse party to ascertain the interest of the witness from his own testimony ; and his denying that he had any such interest rendered him competent. The decision in that case was unprecedented, so far as respects any adjudged case in the Reports ; but may, nevertheless, be considered as well supported by analogy and sound logic. But care must be taken not to press the decision beyond its legitimate bounds. It would seem that the interrogatory as to interest, should be direct, and not by way of inference. The Court are to decide whether the witness is qualified to testify or not. The evidence tending to show that he is or is not so, should be distinct. If the witness on the stand, sworn in chief, and having an apparent interest, were asked by the party objecting to his being a witness, if he had a release from the party producing him, and he

were to answer that he had, would he be allowed to testify without producing it, and without proof of its execution, unless by consent? If not, the same thing occurring in the taking of his deposition would have no greater effect. If he were to say merely that he had a release, without producing it, how could the Court adjudge without inspection that his interest 'in the event of the suit had been discharged? The Court, in determining upon this ground, that he had no interest, must adjudicate as to the efficacy of his release, and as to the fact of its due execution. The precedent cited, and relied upon, therefore, we think, is not parallel to the case in question; nor does the recovery in that case apply, with equal force, to the one here. It appears in this case that the witness, without the release, was interested that the defendant should prevail. This interest should have been shown to have been removed. The testimony of the witness, that it had been so removed, was, under the peculiar circumstances of this case, incompetent for the purpose. It was not in the power of the plaintiff to prevent the taking of the deposition. Seeing at the time that the witness had an apparent interest, he might well inquire of him, if he had a release. It was not the time to question the efficacy or validity of it. The plaintiff had a right to expect that it would be produced at the trial, in order to render the testimony of the witness admissible. Then only could it be adjudged sufficient. In the case, *Hobart* v. *Bartlett*, before cited, the witness, whose deposition was rejected, testified, upon an interrogatory put, but it does not appear by which party, as to whether he had been released, and whether he had any interest in the event of the suit. He answered that he had been released, and had no interest in the event of the suit. The Court however say, " when the interest is apparent, and it is proposed to discharge it by release, the Court must judge of its sufficiency. In this case no release is produced and the Court cannot decide upon it. The witness cannot be permitted to do it." And further, " to decide the witness to be competent would deprive the Court of the power of performing its appropriate duty, and devolve it upon the witness." We are

aware that there are some recent English decisions, at *nisi prius*, which may seem to conflict, somewhat, with the decision in the case last cited. Mr. Justice Coleridge, in *Quartermain* v. *Cox*, 8 C. & P. 97, ruled, that a witness testifying in Court, upon the *voir dire*, that he had a release, but had it not with him, might be admitted to testify without producing it; and a decision in *Carlisle* v. *Eady*, 1 C. & P. 234, is nearly to the same effect. But it seems to us that those decisions, at the same time that they are not authoritative with us, if really in conflict with the opinion in *Hobart* v. *Bartlett*, tend too much to the introduction of a laxity in practice, which may be mischievous in its operation. The rule as laid down in *Hobart* v. *Bartlett*, will much more effectually guard against imposition and unfair dealing. If a party must, in order to render a witness competent, who otherwise would appear clearly to be interested in the event of the suit, execute a release to him, it does not seem that it would be an unreasonable hardship upon him to require, that he should cause such witness to come prepared to exhibit his release.

*Verdict set aside and a new trial granted.*