The opinion of the court was given at May term 1844.
Dewey, J.
The principle seems to be directly stated, in Peirce v. Butler, 14 Mass. 303, that in a suit by the indorsee against the indorser of a promissory note, the maker is not a competent witness in behalf of the indorser, unless first released from all liability to him. This seems to be a rule established independently of the supposed effect of the principle, that a party cannot be admitted to testify to facts tending to defeat a negotiable instrument to which he has given currency. The doctrine does not, therefore, rest on the authority of Churchill v. Suter, 4 Mass. 156; (a decision which is now understood to be restricted to the immediate point there presented;) but in a case like the present, where the witness, who is offered, is the maker of a note upon which a suit has been instituted against one who is a mere accommodation indorser, at the instance of the maker, it is a case of direct interest in the witness; as the in-dorser is to be regarded as a surety, and would be entitled to recover of the maker any sum that might be recovered of such indorser, with the cost he might be compelled to pay. Hubbly v. Brown, 16 Johns. 70. Jones v. Brooke, 4 Taunt. 464. Greenl. on Ev. § 401. The same question has lately come before the supreme court of Maine, in the case of Southard v. Wilson, 8 Shepley, 496; and it was held that “ the maker of the note declared upon, for whose accommodation the defendant had indorsed it, without a release from the defendant, was an incompetent witness for him.” Upon this question, thus limited to the case of a maker of a note, offered as a witness by an accommodation indorser, the decisions, it is believed, are entirely uniform.
The present case presents the objection to the competency of the witness in a peculiarly strong light. Here, upon the facts *329 proposed to be proved by the witness, the witness himself had grossly abused the trust reposed in him by the defendant, when he gave the witness his name in blank. With the full understanding and knowledge of his restricted power in the use of the defendant’s name, he filled up the blank paper with a contract, different, in its terms, from that which he was authorized to make, and, by the abuse of the trust reposed in him by the indorser, has rendered himself responsible for all costs and damages incurred by the defendant. It is quite clear, therefore, that the witness, here offered, had a direct interest in the event of the suit, and was properly excluded.

Exceptions overruled.