BANK OF LOUISIANA
*v.*
WILCOX.

</div>

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## UNION BANK OF LOUISIANA *v.* JONES.

In an action by the holder against the endorser of a note, the maker is generally a competent witness for the endorser; but not where the note was endorsed by the latter for the accommodation of the maker. In such a case he is not indifferent, being liable for the costs in the case of judgment against the endorser; but not liable, if in his favor. C. C. 2260.

APPEAL from the District Court of St. Tammany, *Briggs*, Parish Judge, presiding. The judgment below was in favor of the defendant, and the plaintiffs appealed.

*Halsey*, for the appellants. *Jones* and *Childress*, for the defendant, cited as to the admissibility of the maker of a note in a case like the present, *Waters v. Petrovic*, 19 La. 584.

The judgment of the court was pronounced by

SLIDELL, J. This suit is brought against the defendant as endorser of two notes, one made by *Penn*, and one by *Minter*, and both discounted by the plaintiffs. They stipulate interest at seven per cent from maturity.

It appears that the note of *Penn* had been put in suit against him, but had been destroyed by fire, with the other records of the court in which the suit was brought. Independently of the books of the bank, which were objected to, the notarial copy made at the time of protest by the notary, aided by the testimony of two witnesses examined in the cause and the admissions in the answer, sufficiently establish the former existence of the note, its endorsement by the defendant, that it was discounted to renew a previous note of the maker, and its destruction. There should have been judgment for the plaintiffs upon this portion of his claim.

The note of *Minter* was also discounted by the bank, to take up an antecedent liability of the maker, the defendant being an accommodation endorser. He has urged in argument, as in his answer, that this note was endorsed by him and discounted on certain conditions, which have not been fulfilled; and, in support of this defence, he offered *Minter*, the maker of the note, as a witness. The plaintiff excepted to the competency of this witness, and we are of opinion that he should have been excluded. In an ordinary case the maker would probably be a competent witness for the endorser, to prove the existence of such a defence, upon the ground of indifference in point of substantiated interest; and, in this respect, the provision of our Civil Code harmonizes with the prevailing rule of the commercial law; for, in the language of article 2260, he is not interested either directly or indirectly in the event of the cause. If the plaintiff gains he is still liable for the amount of the note to the endorser; if the plaintiff loses he is still liable for the like amount to the

UNION BANK
*v.*
JONES.

plaintiff. But where the endorser, in whose favor he is called to testify, is an endorser for the accommodation of the maker, his relation is that of principal towards the endorser as surety; and if there be judgment against the endorser, the maker is liable not only for the amount of the note but for the costs of the suit against the endorser. The case therefore is not one of indifference in point of essential interest; and under our Code, as well as numerous authorities,. the maker, in such case is an incompetent witness for the defendant, without a release. See Chitty on Bills, 655. Greenleaf on Evidence, vol. 2, § 204. *Pierce* v. *Butler*, 14. Mass. 303. *Van Schaack* v. *Stafford*, 12 Pick. 565. *Hubbly* v. *Brown*, 16 John. 70:

The bill of exceptions, however, to the admission of this witness has not been presented by the plaintiffs in argument, and we shall consider it as not relied upon. We notice the position of the maker of the note to show that he is no t a full witness, and that, from this consideration as well as the nature of the facts asserted by him, we are not permitted to affirm the judgment of the court below. He does not prove an offer of a sufficient mortgage to secure the debt, nor his ability to give one.* There is a probability, under his testimony, that no application was made by him for the *Jenkins & Bonner* draft till after their bankruptcy, and the liability on that bill was not, according to his own statement, the sole consideration of the note now sued upon.

The case, however, as to this note, is not presented in such a form, as to enable us to give final judgment for the plaintiffs.

It is therefore decreed that the judgment of the court below be reversed; and it is further decreed that the plaintiffs recover of the defendant the sum of $680, with interest thereon at the rate of seven per centum per annum, from the 5th day of July, 1842, until paid, and costs in both courts. It is further decreed that the claim of the plaintiffs against the defendant, as endorser upon the note of *Thomas W. Minter*, be dismissed, as in case of non suit.

---

* The defendant alleged that it was stipulated with the agent of the plaintiffs, at the time of his endorsing *Minter's* note, that the plaintiffs should accept mortgage security from *Minter* for his debt, and release the defendant as endorser, and that they subsequently refused to do so, though *Minter* executed a mortgage for that purpose. RE-PORTER.