## GAYLE v. BISHOP.

1. The principal in a note is a competent witness against one who signed the note as his surety, with whom he had deposited corn sufficient to indemnify him against liability.

2. An agent is a competent witness to prove his authority to act.

3. It is no objection to the competency of a witness, that he believes himself interested, when in fact he is not.

4. B, H, and G, makers of a note, being all sued, G pleaded *non est factum*, when the suit as to him was dismissed by the plaintiff, and judgment confessed by the other two. Afterwards, G being sued—Held, that however irregular the dismissal of the suit against G might be, it did not discharge him from liability, and could not affect the rights of the parties in this action, or the competency of B as a witness.

5. The proof of contradictory statements made by a witness, may affect his credit, but the statements thus made, are not evidence of the facts stated, especially when the person whose statements are thus offered, could not himself have been a witness.

6. A letter written by the defendant to the plaintiff, denying the right of one to sign the note in suit, as his agent, but upon certain conditions, which were not complied with, is not evidence for any purpose.

7. The re-examination of a witness is a matter within the discretion of the primary court, and cannot be reviewed by an appellate court.

Error to the Circuit Court of Dallas. Before the Hon. E. Pickens.

Debt, by the defendant in error, on a promissory note for $162, dated January 6th, 1842, payable 25th December, after, signed by the plaintiff in error, H. Boxley, and J. M. Hendricks.

Pleas, *nil debet* and *non est factum*.

Upon the trial, as appears from a bill of exceptions, the plaintiff called Boxley, the principal in the note, as a witness, to prove that he signed the name of the defendant to the note by his authority. Being examined on his *voir dire*, he stated, that he only testified by legal compulsion. That he considered himself interested in the event of the suit. That

defendant was indebted to him, and he expected whatever was recovered from defendant in this action, would go so far in the settlement between himself and defendant. That he had made an arrangement with defendant, at the time he received authority to sign his name to the note in suit, to place in his hands corn sufficient to pay the amount of the note, which he had done. The court overruled the objection of the defendant to the competency of the witness, and he was required to testify.

The defendant also offered to introduce the record of a suit brought against all the parties to the note, to which the defendant pleaded *non est factum*, when the plaintiff dismissed the suit as to him, and took a judgment by confession against the other two. This record was offered to show the incompetency of Boxley, and that plaintiff had released and discharged the defendant from liability on the note. The court rejected the evidence, on motion of the plaintiff.

The defendant also produced one Oliver as a witness; to prove a conversation between himself and Boxley, who testified that the latter told him, he was authorized to sign the defendant's name to the note, provided he, Oliver, and some others would sign it also.

After this examination of Oliver, for the purpose of discrediting Boxley, the court permitted Boxley to be again called, to testify as to his recollection of the conversation related by Oliver, to which the defendant excepted.

The defendant offered to read the copy of a letter, which he had written to the plaintiff, (notice having been given to produce the original,) as evidence of notice to the plaintiff, that he did not recognize the act of Boxley in signing his name to the note; but on the objection of the plaintiff, the court ruled, that the letter was not evidence for any purpose.

The defendant moved the court to charge the jury, that if they believed from the testimony of Oliver, that Boxley told him he was authorized to sign the name of the defendant, provided he, Oliver, and some others would sign it, and Boxley swears he did not recollect what he said to Oliver at the time, it is a circumstance to go to the jury, to show that the authority given to sign the note, was such as Boxley stat-

ed to Oliver it was.   The court refused this charge, and charged, that it could only go to the jury to affect the credit of the witness, Boxley, to which the defendant excepted. The matters of law arising out of the bill of exceptions are now assigned as error.

EVANS and SAFFOLD, for the plaintiff in error, cited the following authorities:

1. To sustain the assignment of error, that witness, Boxley was incompetent to testify for plaintiff below—Amos Wood v. Selden Braynard, 9 Pick. Rep. 322; McCall v. Smith, 2 McCord's Rep. 375; Innis v. Miller, 2 Dallas, 50; McVeaugh v. Goods, 1 Ib. 62; Emerton v. Andrews, 4 Mass. Rep. 653; Stebbins v. Sackett, 5 Conn. R. 258.

2. To sustain the assignment of error, that the court below erred in allowing the witness, Broxley, to be called back to the stand, under the circumstances—Law v. Merrills, 6 Wend. Rep. 268, 276; People v. Mather, 4 Ib. 229.

BIRD, contra, cited 6 Ala. 714; 12 Id. 534.

CHILTON, J.—1. The witness, Boxley, was introduced on behalf of the plaintiff below, to prove a liability upon his surety; and it appears he had previously deposited with his surety corn sufficient to indemnify him against such liability. If the witness had any interest, it is manifest his interest was adverse to the party who introduced him; for if. by his testimony, he could have defeated a recovery on the part of the plaintiff, he could then have recovered back the amount he had deposited with the defendant, Gayle, as a payment upon said liability, and relieved himself from the cost which his security might have to pay on his account.   2 Phil. Ev. C. & H's N. 82; Bigelow v. Benedict, 5 Conn. R. 116.

2. But he was the agent of Gayle in signing his name to the note, and as the proof of his authority does not relieve him from liability, he was competent as a witness *ex necessitate.* 2 Phil. Ev. 96, n. 89, 241; 3 Ib. p. 1526, *et seq.*— where the authorities are collated.   See also, Bean v. Pearsall, 12 Ala. 592.   In Griggs v. Woodruff, at the last term, the agent, Herring, was held incompetent because he was of-

fered to purge a contract of fraud, which was alledged to have been committed by him, and upon the validity of which contract his claim to compensation depended.

3. That the witness believed he was interested, when in fact he was not, is no sufficient ground for his exclusion. True, there are many respectable authorities which controvert this position. Richardson's Ex'r v. Hunt, 2 Munf. 148; Skillinger v. Bolt, 1 Conn. Rep. 147; Plumb v. Whiting, 5 Mass. Rep. 518; Freeman v. Luckett, 2 J. J. Marsh. 390. But it is sustained by reason, as well as a decided preponderance of authority. See the numerous cases referred to in C. & H's Notes to Phil. Ev. vol. 2, notes 91-2-3; Griggs v. Woodruff, *supra;* Jemison v. Conner et al. at last term.

4. There was no error in rejecting the record of a former recovery against Boxley and Hendrick, who confessed judgment in favor of the same plaintiff, and which showed a dismissal of the suit as to the plaintiff in error. However irregular it may have been to dismiss the suit against the plaintiff in error, it certainly did not discharge him from liability. At most, it could but amount to a dismissal of the entire suit, but the other defendants waived this, and confessed judgment, so that no advantage can result to Gayle from the supposed irregularity. We cannot perceive how the record of the former suit could in any way affect the rights of the parties in this action, or the competency of the witness. It only proved an unsatisfied judgment against the witness for the same demand, and this could not possibly affect his interest. As the record proved nothing material in the cause, its exclusion did not injure the plaintiff in error.

5. It is certainly competent to impeach the credibility of a witness by proving, after laying the proper predicate for such proof, that he has made contradictory statements as to the subject matter about which he is called to testify, but the only effect of such statements when proved is, to affect the credit of the witness, and they cannot have the force of proof for any other purpose. The charge asked of the court assumes, that the declarations of Boxley, the witness, made to Oliver, that he was only authorized to sign the name of Gayle provided Oliver and others would sign the note also, are not only evidence to impeach Boxley, but original evidence as to

the nature and extent of his authority. It is not only hearsay, but liable to the objection that such declarations were made by a witness whose interest would forbid his giving evidence if offered by the defendant below. The principal debtor cannot be a witness in favor of the surety, when sued by the payee, except he be released. The case of Freeman's Bank v. Rollins, 1 Shipl. 202, where a different doctrine was held, is opposed by the current of authority. Riddle v. Moss, 7 Cranch, 206; Hunter v. Gatewood, 5 Monroe, 268; Hubby v. Brown, 16 Johns. Rep. 70: Pierce v. Butler, 14 Mass. Rep. 303; Kornegay v. Salle, 12 Ala. Rep. 534, and the authorities there cited.

6. The letter written by the plaintiff in error to the defendant several months after the execution of the note, was very properly excluded. Being no part of the *res gestae*, it was not competent for any purpose. But as this assignment is not insisted on in the argument, we turn to the only remaining alledged ground of error, which is, that the court permitted Boxley, after a witness had been examined as to his declarations, to be re-examined by the plaintiff respecting his recollection of the conversation detailed by the witness.

In Towns v. Riddle, 2 Ala. Rep. 694, the defendant was allowed to introduce proof after the rebutting evidence was closed. This court said the action of the circuit court in admitting the proof, was not the subject of revision, because the course of trial is entirely within the discretion of the circuit court, and because it is impossible for the revising court to determine whether the particular proceeding complained of was calculated to advance or defeat the purposes of justice. The matter is within the discretion of the court, to be exercised for the advancement of the justice of the particular case, and is not revisable on error. The cases referred to by the counsel do not hold a different doctrine. In the People v. Mather, 4 Wend. Rep. 229, it was held to be within the discretion of the court trying the cause, whether or not to permit the re-examination of a witness after the lapse of a day, and after other witnesses have testified. So in Law v. Merrills, 6 Wend. 268, a witness was proposed for re-examination, to prove usury, after the testimony had closed, and the judge was summing up the evidence. Held, that

the court exercised a proper discretion in rejecting him. So in this case, there may have been very substantial reasons which influenced the court in permitting the witness to be re-examined. Be this as it may, we cannot undertake to say he exercised his discretion improperly.

There is no error in the record, and the judgment is affirmed.