# Powell v. The State.

## Indictment for Arson.

1. *Competency of witness; when wife may testify.*—The wife of one not on trial or indicted, is not incompetent to testify against defendants because her husband had also testified and his testimony tended to show him an accomplice of defendants.

2. *Examination of witness; discretion of court.*—Where the jury, after retirement, disagree as to the testimony of a witness, it is within the sound discretion of the court to allow them to return and examine the witness in the presence of the court, as to what he had previously testified; and the exercise of this discretion will not be reviewed on appeal.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

Defendant, Henry Powell, and others, were indicted and convicted of burning a gin-house, with valuable cotton therein. On the trial, the State introduced one Phillis Collins, whose examination on her *voir dire*, showed her to be the wife of one Milton Collins, who had already testified. Defendants objected to her as incompetent, because her husband's testimony tended to show that he was connected with the crime as an accomplice. The court overruled the objection, and the defendants excepted. After the case had been left with the jury, and they had retired for an hour or more, they obtained permission to return to the court-room for information, and, upon returning, stated to the court that they had disagreed as to the evidence or testimony of one T. B. Harman, a witness for the State. The court remarked that as Mr. Harman was present he might repeat his testimony in reply to their questions. They then examined the witness as to matters to which he had first testified. The counsel were not permitted to examine witness. The

defendant objected to this proceeding, but was overruled and excepted.    He now appeals to this court upon the record.

POWELL & POWELL, and TOMPKINS & FEAGAN, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

STONE, J.—The testimony of Phillis Collins, offered for the State, was objected and excepted to, because her husband, Milton Collins, had testified against the defendants, and his testimony tended to show that he was an accomplice in the arson with which the defendants were charged.    Milton Collins was neither indicted, nor on trial, and Phillis was offered to prove separate facts, alleged to be within her knowledge, but not to corroborate the testimony of her husband.    No argument or authority is produced to show Phillis' incompetency, and we can perceive no reason why she should have been excluded.

Nor is there anything in the objection that the witness, Harman, was allowed to repeat to the jury his testimony previously given.    The jury had returned to the court, and stated they disagreed as to what this witness had testified before them.    The witness being in court, the court permitted the jury to examine him; but confined the examination to a repetition of what he had previously testified.    Counsel on neither side were allowed to interrogate the witness in this examination.    It has uniformly been held in this court that examinations, such as the above, are within the sound discretion of the court trying the case, and will not be reviewed in this court.—*Gayle v. Bishop*, 14 Ala. 552; *Wesley v. The State*, 52 Ala. 182; 1 Greenl. Ev., § 431; *Borland v. Mayo*, 8 Ala. 104; *Fant v. Cathcart, Ib.* 725.

There is no error in the record, and the judgment of the Circuit Court is affirmed.