# Drum & Ezekiel *v.* Harrison.

*Action for Damages, against Purchaser of Crop with Notice of Statutory Lien for Advances.*

1. *Declarations by party in possession.*—The declarations of a person in possession of personal property, showing the character or extent of his claim—as, that he holds it, not as his own, but as agent of another person—are admissible as evidence to prove such ownership.

2. *Discrediting witness on cross-examination.*—It is permissible, on cross-examination of a witness, to prove his bias or prejudice, by showing that he is sued in another action, involving another part of the property conveyed by the same mortgage, in which action the same defense is set up.

3. *Practice in introducing evidence; what is revisable.*—Generally, the mode of conducting the examination of witnesses, and the order of introducing evidence, are matters of discretion with the trial court; and the exercise of this discretion is not revisable on error or appeal.

4. *Authority to sell; can not be delegated.*—Authority to sell, given by the mortgagee to the mortgagor of personal property, involving the exercise of judgment and discretion, can not be delegated by the mortgagor to another person; though there may be an exception, established by commercial custom, authorizing the employment of a broker.

5. *Nominal damages; failure to prove weight or quantity.*—The plaintiff's failure to adduce any evidence as to the weight of the two bales of cotton which were converted by the defendant, would not require or authorize a verdict for the defendant; since the jury might give nominal damages at least, if they could not take notice of the average weight of a bale of cotton, as matter of common knowledge.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This was a special action on the case, brought by Williamson Harrison against Drum & Ezekiel as partners, to recover damages for the defendants' alleged wrongful sale and conversion of two bales of cotton, having notice of plaintiff's statutory lien for advances, whereby his lien was lost. The defendants pleaded "the general issue, with leave to give in evidence any special matter of defense;" and the cause was

tried on issued joined on this plea. The plaintiff claimed the cotton, or a lien on it, under a written instrument in the form of a statutory mortgage for advances to make a crop, executed to him by J. H. Kolb, which was dated December 22d, 1884, conveyed all the crops to be raised by said Kolb on his plantation during the year 1885, and was duly proved and recorded in said county on the 6th January, 1885. The law day of the instrument, and of the secured note, was the 1st October, 1885. The defendants bought the cotton, "some time in September," from one Philip Thomas, "who was working for and with said Kolb during that year," and paid him the market value of it. In reference to this sale by Thomas, a witness for plaintiff testified, "that he got on Kolb's wagon, at Kolb's house, with said Thomas, drove to the gin, where they put on the two bales of cotton, carried them to Greenville, where they were put in a warehouse by said Thomas, receipts being taken by him in the name of said Kolb; and that said bales of cotton were sold by said Thomas to Drum & Ezekiel." The plaintiff asked the witness these questions: "Did not said Thomas, while in possession, claim said cotton as Kolb's?" "Was not said cotton sold by said Thomas to Drum & Ezekiel as Kolb's cotton?" The witness answered, "that Thomas did claim said cotton, while in his possession, as Kolb's cotton;" and "that Thomas did sell said cotton to Drum & Ezekiel as Kolb's cotton." To each of these questions and answers the defendants objected, and duly excepted to the overruling of their objections.

It was insisted in defense, that the plaintiff had authorized the sale of the cotton to the defendants, and thereby waived his statutory lien; and one of the witnesses for the defendants on this point, Z. L. Wilkinson, testified that he heard plaintiff say: "I told Kolb he could sell said cotton, but he must bring the money to me." On cross-examination of this witness, the court allowed the plaintiff to prove, "as showing the animus of the witness," that he was the defendant in another suit brought by plaintiff, for the conversion of other cotton conveyed by said mortgage, or written instrument, in which the same defense was set up—that the plaintiff had authorized the sale of the cotton. This evidence was presented by the plaintiff in different forms, and was admitted by the court, for the single purpose specified; exceptions being duly reserved by the defendants to its admission.

A witness for the plaintiff, who had testified to the sale of

the cotton by Thomas, as above stated, further stated, "that the cotton was worth eight or nine cents per pound, but he did not know how much the bales weighed;" and there was no other evidence as to the weight or value of the bales.   In this connection, the defendants asked the court to instruct the jury, "that if the evidence only shows the value of the cotton per pound, but does not show how much said bales, or either of them, weighed, nor otherwise show their value, they must find for the defendants."   The court refused to give this charge, and the defendants excepted to its refusal.

The court charged the jury, also, that if the plaintiff gave permission to Kolb to sell the cotton, Kolb could not delegate this authority to Thomas, and the sale by Thomas was without authority from plaintiff; to which charge defendants excepted.

The several rulings above stated, with others, are assigned as error.

R. E. STEINER, for appellants.

J. C. RICHARDSON, contra.

SOMERVILLE, J.—1.  The declarations of Thomas, made by him to the defendants while he was in possession of the cotton in controversy, were explanatory of his possession, as showing the extent of his claim to it—tending to show that he held it as agent of another, and not as his own—and were, therefore, admissible in evidence to prove the fact of such ownership.—*Humes v. O'Bryan*, 74 Ala. 64, and cases cited on page 80.

2.  It was competent for the plaintiff to show, on cross-examination, the bias of the witness Wilkinson, by proving that he was sued in another action by the plaintiff, for a portion of the cotton subject to the same mortgage which was held by plaintiff on the cotton in controversy, and that the defense to each suit was the same—viz., the alleged permission given the mortgagor to sell the mortgaged property.

3.  The mode of conducting the examination of witnesses, and the order of introducing evidence, is generally within the discretion of the trial court.   Either party may be permitted to introduce evidence at any stage of the trial, and the exercise of this discretion is not revisable in this court. *Borland v. Mayo*, 8 Ala. 104; *Phœnix Ins. Co. v. Moog*,

78 Ala. 286; 1 Whart. Ev., §§ 572–575; *Wesley v. State,* 52 Ala. 182.

4. The court properly instructed the jury, that an authority given by the plaintiff's intestate to the mortgagor, Kolb, by which he was permitted to sell the cotton, could not be delegated by Kolb to Thomas. It involved the exercise of discretion and judgment · on the part of the seller, and, therefore, involved a trust which was in its nature personal to the agent. "The leading distinction," as said by Mr. Bishop, "is, that an agency to be exercised through a discretion in the agent is a personal trust, and can not be transmitted to another, but a power simply ministerial may be." Bishop on Contracts (Ed. 1887), § 1067. It is only where an agent to sell has fixed the price, and done whatever else that is discretionary, that he may consummate his sale by a sub-agency.—*Renwick v. Bancroft,* 56 Iowa, 527. Such an agency can not be delegated to a sub-agent, unless, perhaps, it may be implied in some of the modes authorized by established commercial customs; as where an agent employs a broker to make the sale, and he does so according to the usages of trade at the place where the sale is made.—Wharton on Agency, § 187. The mortgagee may have been perfectly willing to trust the mortgagor with such a commission, and yet be unwilling to risk his subordinates, or employees.

5. The failure to prove the number of pounds contained in the two bales of cotton did not require a verdict for the defendants, as requested by their counsel. If it was not permissible for the jury to infer from their common knowledge what was the weight of an average bale of so staple a commodity, they certainly would be authorized to find nominal damages; and this right the charges asked on this point denied to them. It is insisted in argument, that the sale by Thomas was ratified by the plaintiff's intestate; but no ruling of the court clearly raises this point, and the finding of the jury was otherwise.

The other assignments of error are not, in our opinion, well taken, and the judgment must be affirmed.